## COKER, ADM'R, v. CROZIER.

1. If the defendant dies pending an action on the case, brought to recover damages for a fraud in the exchange of horses, it cannot be revived against his administrator.

ERROR to the Circuit Court of Cherokee.

This was an action on the case, brought by the defendant in error, against the intestate of the plaintiff in error, to recover damages for a fraud in the exchange of horses.

Pending the action, the defendant died, and the cause was revived against the plaintiff as his administrator. The jury having found a verdict against the defendant for eighty dollars, judgment was rendered against him for the damages and costs.

The assignments of error, are,

1. The revival of the judgment against the plaintiff in error.

2. The rendition of judgment against him.

MOORE, for plaintiff in error.

RICE, contra.

ORMOND, J.—The common law maxim that personal actions die with the person, has been modified in England, by the act of 4 Edward 3, c. 7, and in this state by the statute to be found in Aik. Dig. 260, § 6. "All actions of trespass *quare clausum fregit,* and actions of trespass to recover damages for injuries to personal property, may, if the plaintiff or plaintiffs die, be revived by his, her or their representatives, in the same manner as actions on contracts."

In the case of Nettles v. Barnett, [8 Porter, 181,] we held that this statute did not authorize the revival of a suit, brought for a trespass *de bonis asportatis* against the administrator of the *defendant,* who died pending the suit, but was confined to the case of the death of plaintiffs. We entertain but little doubt that the action brought in this case is within the equity of the statute,

47

though not within its terms, as the established construction of the act of 4th Edward, at the present day is, that although the word *trespasses* only is used, that it applies to all cases of injury to the personal property of the testator or intestate, in contradistinction to personal wrongs, as slander, or assault and battery, without regard to the form of action. But the remedy by the statute of 4th Edward, is given to the executor of the person injured, and has never been held to extend to the executors of the wrong doer. [Wheatly v. Lane, 1 Saunders, 216, note 1.] So, by our statute, the action may be revived in the name of the executor or administrator of the *plaintiff*, if he dies pending the suit, and we have already shown, that by the decision of this court, in the case cited, that in regard to those actions enumerated in the statute, the action cannot be revived against the representative of the defendant.

The action in this case is clearly within the common law rule, and not being provided for by statute, upon the death of the defendant the right of action was gone, and could not be revived against his representative. The judgment must therefore be reversed.