LUCY G. ROGERS, EXECUTRIX v. JOSHUA WINDOES ET AL.

*Survival of cause of action—Suit by executor—Trover—Title of statute.*

A statutory provision that a cause of action shall survive is equivalent to saying that an executor may sue on it.

An executor may bring trover where the conversion occurred but was not sued on, in his testator's life-time. Comp. L., § 5828.

*It seems* that the constitutional provision that an act shall have but one object which shall be expressed in its title does not invalidate statutes previously adopted.

Error to Kalamazoo. Submitted June 15. Decided June 21.

TROVER. Plaintiff brings error. Reversed.

*Padgham & Padgham* for appellant. An assignment of all one's property transfers an existing right of action for tortious conversion: *McKee v. Judd* 12 N. Y. 622; but assignees have no greater rights as to personal estate than executors: *People v. Tioga* 19 Wend. 76; *Sommer v. Wilt* 4 S. & R. 19; *North v. Turner* 9 S. & R. 244; mere personal torts do not survive to personal representatives and cannot pass by assignment: *Comegys v. Vasse* 1 Pet. 213; any interest to which personal representatives would not succeed cannot be assigned *inter vivos*: *Zabriskie v. Smith* 3 Kern. 322; *Final v. Backus* 18 Mich. 231; *Dayton v. Fargo* 45 Mich. 154.

*Dallas Boudeman* for appellees.    While at common law
actio personalis moritur cum persona, (*Snider v. Van
Vechten* 2 Johns. 227 ; *Nettles v. Barnett* 8 Port (Ala.) 184 ;
*Terhune v. Bray* 16 N. J. L. 54; 2 Williams on Ex'rs (6th
ed.) 790; 1 Chitty Pl. § 68; Dicey on Parties § 421) under
the statute of 4 Edw. III. c. 7, an executor could sue for
injuries done to the personal estate of his decedent in the
latter's life-time : *Reed v. Peoria &c. R. R. Co.* 18 Ill.
403 ; *Holmes v. Moore* 5 Pick. 257; *Wilber v. Gilmore*
21 Pick. 252; *Chaplin v. Barrett* 12 Rich. (S. C.) 284;
but the common law prevails in Michigan except as
changed by statutes : Laws of 1833, p. 563; *Trask v.
Green* 9 Mich. 358 ; and Comp. L. § 5828 which provides
for the survival of actions cannot apply where death occurs
before the beginning of suit, as the title of the statute indi-
cates only disabilities occurring after, and the object of an
act must be expressed in its title : Const. Art. iv, § 20 ;
*Drake v. Mahaney* 13 Mich. 481 ; *Ryerson v. Utley* 16
Mich. 269 ; *People v. Denahy* 20 Mich. 349 ; as to recovery
by assignees of rights of action for tort, the Michigan
decisions of *Final v. Backus* 18 Mich. 218; *Buell v. Irwin*
24 Mich. 154, and *Grant v. Smith* 26 Mich. 201, are
authority for the right of a personal representative to con-
tinue a suit brought in the life-time of the person to whom
the right of action belonged; see *Blakeney v. Blakeney* 6
Porter (Ala.) 109.

CAMPBELL, J.   Plaintiff sued defendants for the wrong-
ful conversion of testator's property during his life-time.
The court below held that the action died with the person,
and no action survived.

By provisions now found in section 5828 of the Compiled
Laws, it is declared that, in addition to actions which sur-
vive by the common law, certain others, including replevin,
trover, actions for goods taken and carried away, and for
damages to real or personal estate shall also survive.   This
provision is entirely free from ambiguity, and has been in
force since 1838, (R. S. 1838, p. 428,) and the principle has

been in force much longer. By the probate law of 1809 such actions for conversion of property were recognized as lying for and against personal representatives. 2 Terr. L. 28.

It is claimed however that in the Revision of 1838 a section was introduced giving actions expressly to and against executors and administrators, and that the omission of this section while all the rest were retained indicates an intention to abrogate the rule. We think on the other hand that it was manifestly dropped as a needless repetition of the same provision. And inasmuch as the very next section contains a limitation, and therefore a recognition, of the right of action against executors and administrators, we should, on this construction, have an action preserved where the wrong-doer is dead, but none where he is living and the party injured is dead, which would be a strange anomaly. When the law declares that a cause of action shall survive, it is equivalent to saying an executor may sue upon it, and what is thus declared would not be strengthened by repetition.

Our previous decisions asserting the assignable quality of such actions were partly based on this statute, and in *Final v. Backus* 18 Mich. 218, this principle was made an express ground of adjudication. See also *Brady v. Whitney* 24 Mich. 154; *Grant v. Smith* 26 Mich. 201; *Finn v. Corbitt* 36 Mich. 318. And in *Tome v. Dubois* 6 Wall. 548, the right of an assignee to bring trover was decided to rest on the ground that property could be sold which was in the hands of wrong-doers, and that the form of action was incident to the wrong withholding.

It was further objected,—and this view seems to have had some weight in the decision,—that the section in question was found in a chapter of the statutes confined to suits actually pending and abating by death of parties. Upon this it sufficient to say that when the Revised Statutes were adopted there was no constitutional provision restricting legislation to matters set forth in the title to statutes, and it was not at all necessary to draw close lines. Yet even in this point of view it cannot be said that a provision of law referring to the course to be taken on survivorship of actions

may not be joined with one declaring what actions survive. But this need not be dwelt on, because the language is too plain for misapprehension, taken by itself, and there is nothing in any part of the statutes requiring it to be limited.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.