## FORD v. MANEY'S ESTATE.

1. ABATEMENT AND REVIVAL—DEATH—COMMON-LAW RULE.
   At common law, death of injured person or of tortfeasor, at any time before verdict, abated the action.

2. SAME—SURVIVAL ACT—RIGHT OF ACTION SURVIVES DEATH OF INJURED PERSON AND TORTFEASOR.
   Under survival act (3 Comp. Laws 1915, § 12383), survival is not confined to actions commenced, but applies as well to rights and causes of action, so that cause of action for negligent injuries, which accrues in lifetime of party, whether person injured or tortfeasor, survives his death.

3. SAME—EXECUTORS AND ADMINISTRATORS—RIGHT TO SUE.
   When the law declares that cause of action shall survive, it is equivalent to saying that executor may sue upon it, and that estate of deceased tortfeasor may be sued upon it.

4. ACTION—NEGLIGENCE—DEATH ACT CREATES CAUSE OF ACTION UNKNOWN TO COMMON LAW.
   Death act creates cause of action unknown to common law, not by way of survival of right accruing to deceased which before had abated at his death, but as new and special remedy accruing to those who suffer by the death.

5. SAME—DEATH ACT AND SURVIVAL ACT SEPARATE, DISTINCT, AND EXCLUSIVE REMEDIES.
   Death act and survival act were not intended to give two remedies for death by negligent act, but each is exclusive within its sphere, and line of cleavage between them is when death is instantaneous.

6. SAME—DEATH OF TORTFEASOR.
   Death act has no reference to death of tortfeasor.

7. ABATEMENT AND REVIVAL—RIGHT OF ACTION SURVIVES DEATH OF TORTFEASOR.
   Where person was injured through negligence of another, who was also injured in same accident and died a few minutes later without regaining consciousness, cause of action vested in injured person which survived death of tortfeasor.

On abatement and revival of actions for personal injuries upon death of plaintiff, see annotation in L. R. A. 1915E, 1104; L. R. A. 1916C, 974.
Contributory negligence of guest injured while riding in automobile, see annotation in 20 A. L. R. 1026; 26 A. L. R. 1428; 40 A. L. R. 1341; 47 A. L. R. 329; 51 A. L. R. 584.

8. Executors and Administrators—One Having Claim Against
    Estate for Personal Injuries is "Creditor."
     One having claim for personal injuries against estate of de-
       ceased tortfeasor is "creditor" within meaning of 3 Comp.
       Laws 1915, § 14147, giving creditor right to appeal to cir-
       cuit court from decision of commissioners on claims.

9. Negligence—Contributory Negligence—Directed Verdict.
     In action for personal injuries against estate of deceased tort-
       feasor, defendant's claim that plaintiff was guilty of contrib-
       utory negligence as matter of law *held*, not supported by rec-
       ord, but question was properly submitted to jury.

10. Appeal and Error—Evidence—Harmless Error.
     In action against estate of deceased tortfeasor, admission of
       ·testimony by plaintiff's wife that decedent's wife had twice
       remarked to him that he was driving too fast, if error, was
       harmless, in view of undisputed testimony that, at time of
       injury caused by collision with another car at junction of
       two trunk line highways, rate of speed of decedent's car
       was 50 or 60 miles an hour.

Error to Wayne; Merriam (DeWitt H.), J.  Sub-
mitted June 11, 1930.  (Docket No. 32, Calendar
No. 34,981.)  Decided October 3, 1930.

Claim by John A. Ford against estate of John W.
Maney, deceased, for personal injuries.  From dis-
allowance of claim by commissioners, plaintiff ap-
pealed to circuit court.  From judgment for plain-
tiff, defendant brings error.  Affirmed.

*Vandeveer & Vandeveer,* for plaintiff.

*Thomas W. Thompson* and *Bishop & Weaver,* for
defendant.

Fead, J.  September 22, 1928, plaintiff and
Mrs. Ford were guests of Mr. and Mrs. John Maney
in a Lincoln car, owned and driven by Mr. Maney.
They drove north from Detroit.  At the junction of

two trunk highways near Cass City, their car came into collision with an Oakland automobile, turned over several times, Mr. Ford was grievously injured, and Mr. Maney so hurt that he died, without regaining consciousness, in a few minutes. The specific cause of his death was not shown. Plaintiff presented a claim for damages to the estate of Mr. Maney. It was wholly disallowed by the commissioners on claims. He appealed to the circuit court, and had verdict of a jury and judgment.

The testimony is practically undisputed. As the Maney car came over a hill, about a quarter of a mile from the crossing, the Oakland car stood at the west side of the intersection, waiting for a Ford truck to pass around it and to the west. The Oakland car then started east across the intersection. The Maney car approached at a rate of speed of 50 to 60 miles per hour. Mr. Maney attempted to pass in front of the Oakland car and his car struck it on the right front fender. At the time of the collision, the Oakland car was east of the center of the crossing, and there was ample room for the Maney car to have passed behind it.

Defendant's first point is that the right of action abated at Mr. Maney's death.

At common law, the death of the injured person or of the tortfeasor, at any time before verdict, abated the action. 1 C. J. pp. 166, 200. Our survival statute, 3 Comp. Laws 1915, § 12383, reads in part:

"In addition to the actions which survive by the common law the following shall also survive, that is to say, actions  *  *  *  for negligent injuries to person."

The survival is not confined to actions commenced, but applies as well to rights and causes of action.

A cause of action for negligent injuries, which accrues in the lifetime of a party, whether person injured or tortfeasor, survives his death. *Rogers* v. *Windoes*, 48 Mich. 628; *Norris* v. *Kent Circuit Judge*, 100 Mich. 256; *Love* v. *Railroad Co.*, 170 Mich. 1.

"When the law declares that a cause of action shall survive, it is equivalent to saying an executor may sue upon it." *Rogers* v. *Windoes, supra.*

It is also equivalent to saying that the estate of the deceased tortfeasor may be sued upon it.

Defendant, however, contends that no cause of action accrued to plaintiff in Mr. Maney's lifetime because the latter's death must be deemed to have been instantaneous at the moment of collision, although he lived a few minutes after, by analogy to the construction given the death act, 3 Comp. Laws 1915, § 14577 (Lord Campbell's Act), in *Lobenstein* v. *Whitehead & Kales Iron Co.*, 179 Mich. 279. Conceding, but with a mental reservation, that the testimony was sufficient to meet the test of instantaneous death (*Ely* v. *Railway*, 162 Mich. 287; *Paperno* v. *Michigan Railway Engineering Co.*, 202 Mich. 257; *Swaczyk* v. *Detroit Edison Co.*, 207 Mich. 494; *Nelson* v. *Glover*, 231 Mich. 229), the analogy is not apt.

The courts are in conflict upon the respective scope and operation of the death act and survival statute. L. R. A. 1915E, 1119, note; L. R. A. 1916C, 973, note. In this State it is held that the death act created a cause of action unknown to the common law, not by way of survival of a right accruing to the deceased which before had abated at this death, but as a new and special remedy accruing to those who suffer loss by the death; and that the legislature

did not intend to give two remedies for death by negligent act, but that the death act and the survival act is each exclusive within its sphere. The line of cleavage between them is whether the death is instantaneous. The legal test of instantaneous death was devised in order to afford a practical working of the statutes, death being seldom instantaneous in fact. The test was established, not in an attempt to bring the acts into harmony with common-law principles but by way of judicial interpretation of legislative intention in the construction of statutes which change the common law and have points of conflict. *Sweetland* v. *Railway Co.,* 117 Mich. 329 (43 L. R. A. 568); *Dolson* v. *Railway Co.,* 128 Mich. 444; *Lincoln* v. *Railway Co.,* 179 Mich. 189 (51 L. R. A. [N. S.] 710); *Paperno* v. *Michigan Railway Engineering Co., supra.* The death act has no reference to the death of a tortfeasor, and its construction does not carry into the present situation. We are not here confronted by a conflict of statutes. The question is whether, under common-law rules, a cause of action accrued upon which the survival act could operate.

No authorities have been cited that, at common law, survival from the initial injury in fact, although for a short time, was not sufficient to permit a cause of action to vest. There is no good reason for restricting the terms of our survival act, which are general, nor for creating legal fictions in order to relieve a wrongdoer from the consequences of his wrong. The language in *Olivier* v. *Houghton County Street-Railway Co.,* 134 Mich. 367 (104 Am. St. Rep. 607, 3 Ann. Cas. 53), is apt:

"We see no reason for splitting hairs as to what is meant by instantaneous death, though we can appreciate the difference between a continuing injury

resulting in drowning, or death by hanging, throwing from a housetop, etc., and one where a person survives the wrongful act in an injured condition. There is no occasion for saying that one dies instantly because such survival is accompanied by a comatose condition, or unconsciousness, or insanity, or idiocy. The law draws no such distinction between the normal and abnormal, or the rational and irrational.''

The cause of action consisted of the duty of care owed by Mr. Maney to plaintiff, its breach, and the consequent injury to plaintiff. 45 C. J. p. 661; *Robertson* v. *United Fuel & Supply Co.*, 218 Mich. 271. All elements were complete during the lifetime of Mr. Maney and, therefore, a cause of action vested in plaintiff, and, under our statute, survived. Whether an action would survive where the tort-feasor is in fact killed at the instant of injury to a plaintiff may be left to a proper case and the assistance of briefs upon the specific point.

Defendant next contends appeal did not lie from the decision of the commissioners on claims because plaintiff is not a "creditor" within the meaning of 3 Comp. Laws 1915, § 14147, which provides:

"Any executor, administrator or creditor, may appeal from the decision and report of the commissioners on claims, to the circuit court for the same county.''

The commissioners on claims had jurisdiction to try and decide the claim for personal injuries. 3 Comp. Laws 1915, § 13875; *In re Sullivan's Estate*, 165 Mich. 585. The word "creditor" is elastic and may include a claim arising out of tort. *Dutcher* v. *Van Duine*, 242 Mich. 477; 15 C. J. p. 1374. In 3 Comp. Laws 1915, § 14147, it was plainly used as a generic word to include any person asserting a claim

against the estate to the commissioners, whether it arose *ex contractu* or *ex delicto.*

Defendant further urges that plaintiff was guilty of contributory negligence as a matter of law. There was no testimony that plaintiff did or said anything to Mr. Maney by way of warning or to avoid the collision after they came over the hill. We have searched defendant's brief in vain for counsel's opinion of the specific duty plaintiff had and violated, upon which a claim of contributory negligence in law may be founded.

An invited passenger may have and usually has, no control of the car or the driver. Danger ordinarily appears suddenly. Whether and when the passenger should warn the driver, grasp the wheel or take other action in the particular emergency may be a matter of judgment upon which men may fairly disagree. Even an inopportune warning cry may startle the driver and cause him to swerve from a safe course upon which he has determined or may induce a mental hesitation or uncertainty or involuntary action which will tend to produce rather than to avoid an accident. The duty of the invited passenger, in a case where it is not obvious to him that the driver is unaware of the danger, depends so completely upon the special circumstances and upon such varied and conflicting notions of the propriety of interference in the management of the car that the courts are loath to hold such a passenger guilty of negligence as a matter of law. See examples in Berry on Automobiles (6th Ed.), § 664; *Slee* v. *Neller,* 226 Mich. 151; *June* v. *Railway Co.,* 232 Mich. 449, 456; *Webber* v. *Billings,* 184 Mich. 119.

The testimony did not show that Mr. Maney was a careless or reckless driver so that plaintiff was under a general duty to be apprehensive or to warn

him.  The Oakland car and its situation were open to their observation equally.  Plaintiff could fairly have assumed that Mr. Maney was watching the road, as an ordinary driver would have done, that he saw the Oakland car, and had determined on his course of action.  He could further have assumed that Mr. Maney would take the safe way, which would have been taken by the average driver, and pass behind the Oakland car.  The testimony does not show when the danger became apparent or what plaintiff could have done to avoid it.  Under the circumstances, this court cannot point out, as a matter of law, a specific duty which plaintiff owed, the neglect of which contributed to the injury.  The trial court properly submitted the question of plaintiff's negligence to the jury.

The court permitted Mrs. Ford to testify that some time prior to the accident Mrs. Maney had twice remarked to her husband that he was driving too fast.  In view of the undisputed testimony of his rate of speed at the time of the accident, this testimony was harmless, if error.

Judgment is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.