[No. 23389.   Department Two.   November 25, 1931.]

E. F. BARNUM, *Respondent*, v. JOSEPHINE E. JACKSON, *as Administratrix, Appellant.*[1]

*Warren J. Gilbert*, for appellant.

*Tucker & Tucker*, for respondent.

MAIN, J.—This action was brought to recover damages for the destruction of an automobile. The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that a recovery should be had. Judgment was entered in favor of the plaintiff for the sum of $2,800, from which the defendant appeals.

The facts may be briefly stated. The accident out of which the litigation arose happened on a paved highway a short distance south of the city of Mount Vernon, in Skagit county. The respondent was proceeding north in a Cadillac sedan, which was practically new and had only been driven a few thousand miles.

[1] Reported in 5 P. (2d) 497.

348

Luther B. Jackson was proceeding south, driving an ambulance.

At a place where there was not a clear and unobstructed view ahead for three hundred feet or more, the driver of the ambulance pulled to the left to pass an automobile in front of him going in the same direction, and was proceeding at high speed when the ambulance collided with the Cadillac head-on. The ambulance was on its left-hand side of the road and the Cadillac was on its right-hand side. The Cadillac was completely wrecked, and the ambulance was materially damaged, the driver thereof sustaining injuries from which he died within a day or two.

Thereafter, Josephine E. Jackson was appointed and qualified as administratrix of the estate of Luther B. Jackson, deceased. A claim was presented to the administratrix for the destruction of the automobile, which was rejected, and the present action followed. The trial court made a finding, to which there is no exception, that the value of the Cadillac automobile prior to the collision was $3,000, and that after its destruction it had a salvage value of only $200.

The question presented upon the appeal is whether in an action of this kind enrichment of the estate of the deceased is a necessary element. It will be admitted that, at common law, the estate of a deceased person was not liable for property wrongfully destroyed by him in his lifetime, in the absence of a showing that his estate had been enriched. Rem. Comp. Stat., § 1520, provides that any person or his personal representatives shall have an action against the executor or administrator of an estate or intestate "who in his lifetime shall have wasted, destroyed, taken or carried away . . . the goods and chattels of any such person . . . ." The plain purpose of this statute was to change the common law rule, and

each of the words "wasted, destroyed, taken or carried away" should be given some effect, and be construed in accordance with their plain import. Chattels might be taken, carried away or converted without being destroyed, or they might be destroyed without being taken, carried away or converted.

The statute of this state was enacted in the year 1917. Long prior to that time, a similar statute had been adopted in the state of California, which contained the words "wasted, destroyed, taken or carried away." Prior to the adoption of the statute in this state, the California statute had been construed by the court of appeals of that state. In 1 California Jurisprudence, p. 73, referring to the statute of that state, it was said:

"It was the intention of the legislature in adopting the latter provision to modify the well-known common-law rule to the extent that where a deceased person had in his lifetime wrongfully destroyed personal property of another to his damage, such person should have a right of action against the personal representatives of such wrongdoer for the recovery of damages sustained by reason of the wrongful act, and it is immaterial that the deceased has not benefited by the act. Each of the words, 'wasted, destroyed, taken, or carried away,' must not only be given some effect, but should be construed in accordance with the plain import of the language used. The chattels might be taken, carried away, or converted, without being 'destroyed,' and the converse is likewise true."

The word "destroyed," as used in the statute, does not necessarily mean complete annihilation. An automobile of the value of $3,000 before being damaged, and having only a salvage value of $200 afterwards, is within the meaning of the word "destroyed," as used in the statute. In *George v. McManus*, 27 Cal. App. 414, 150 Pac. 73, it is said:

"Conceding that the plaintiff's car was damaged by the breaking of certain parts thereof, such as the wheel, bed, top, and frame, it is nevertheless insisted the property was not destroyed. The word 'destroyed' is defined to be 'to tear down, wrench apart, knock or pull to pieces.' The effect of the collision was to render plaintiff's automobile useless for the purpose for which it was intended, and, while not destroyed in the sense of being annihilated, it was, within the meaning of the word used in the statute, *destroyed*."

The cases of *State ex rel. Baeder v. Blake,* 107 Wash. 294, 181 Pac. 685, and *Bortle v. Osborne,* 155 Wash. 585, 285 Pac. 425, 67 A. L. R. 1152, are based upon statutes which are materially different from the one here involved, and therefore have no application to the present controversy.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.