KERR, Respondent, v. BASHAM, Appellant.

(252 N. W. 853.)

(File No. 7578. Opinion filed February 23, 1934.)

*Hitchcock & Sickel,* of Mitchell, and *L. L. Lawson,* of Woonsocket, for Appellant.

*R. B. Palmer,* of Woonsocket, and *Berry & Berry,* of Sioux City, Iowa, for Respondent.

CAMPBELL, J. In September, 1932, an automobile driven by Julius M. Bennett, a resident of Woodbury county, Iowa, collided with an automobile driven by G. E. Basham, a resident of Sanborn county, S. D., upon the public highways of this state in said Sanborn county. As a result of said collision, both Bennett and Basham were almost instantly killed. Plaintiff, Kerr, having been duly appointed administrator of the Bennett estate by the district court of Woodbury county, Iowa, and having qualified in such court as such administrator, and having received letters of administration out of said court, instituted the present action to recover damages for the death of Bennett against defendant Celia Basham, the duly appointed, qualified, and acting administratrix of the Basham estate named as such by decree of the county court of Sanborn county, S. D. The action, of course, is predicated upon sections 2929-2931, R. C. 1919, relating to death by wrongful act. By demurrer to the complaint, defendant has raised two points: First, that plaintiff, a foreign administrator, cannot maintain the action in the courts of this state; and, second, that the complaint is fatally defective because of failure to allege that Bennett died prior to the death of Basham.

The learned circuit judge overruled defendant's demurrer, and she has now appealed, and we will consider the two matters above mentioned in the order stated.

On the first proposition, our statute affirmatively provides that the action for the death shall lie either against the wrongdoer or his administrator or executor as such, and that it "shall be brought in the name of the personal representative of the deceased person," and shall be "for the exclusive benefit of the wife or husband and children, or if there be neither of them, then of the parents and next of kin of the person whose death shall be so caused." The statute does not affirmatively require, and does not seem necessarily to contemplate, that the "personal representative"

in whose name the action is to be brought shall be the appointee of a South Dakota court. Indeed, a portion of the statute (section 2931) appears to contemplate that upon occasion the action may be brought by a personal representative of a decedent who was not appointed in this state, for its says: "Such personal representative, if he was appointed in this state, may, with the consent of the court making such appointment * * * settle with the defendant. * * *" Bennett residing at the time of his death in Woodbury county, Iowa, it can hardly be questioned but that an administrator named by the proper court of Woodbury county is "the personal representative of the deceased person." The claim for the wrongful death is not an asset of the Bennett estate, nor subject to be reached by Bennett's creditors. The Iowa administrator does not act in this case in any strict sense qua administrator or virtute officii, but because, being the personal representative of Bennett, he is the person designated by our statute as the person in whose name the damages for the wrongful death shall be recovered. If he does recover, the proceeds of his judgment will not become a part of the assets of the Bennett estate in Woodbury county, Iowa, but plaintiff will take them "merely as a trustee, for the benefit of dependents entitled thereto, under the order of the circuit court of this state where the judgment is recovered." Rowe v. Richards, 32 S. D. 66, 142 N. W. 664, L. R. A. 1915E, 1069. We do not believe that section 3312, R. C. 1919, relating to actions in this state by foreign executors or administrators, has any particular relation to this case, because, as we have said, plaintiff does not sue as administrator, but as the person designated by section 2931. We can see no reason, either in the language of the statute, or as a matter of public policy, why plaintiff should not maintain the action, and the weight of authority is that he may. See 23 Harv. Law Rev. pp. 64, 554; Boulden v. Pa. Ry. (1903) 205 Pa. 264, 54 A. 906; Robertson v. Chicago, etc., Ry (1904) 122 Wis. 66, 99 N. W. 433, 66 L. R. A. 919, 106 Am. St. Rep. 925; Ghilain v. Couture (1929) 84 N. H. 48, 146 A. 395, 65 A. L. R. 553, and annotation following 65 A. L. R. at page 563.

 Neither do we see merit in the second point urged by appellant. Appellant argues that, unless it appears from the complaint that Bennett died prior to the death of Basham, there was no cause of action in existence against Basham at the time of

his death which could survive to be maintained against his administratrix, and cites cases such as Claussen v. Brothers (1928) 148 S. C. 1, 145 S. E. 539, 61 A. L. R. 826, and annotation following in 61 A. L. R. at 830. This might very well be the case if the liability of Basham's administratrix was dependent entirely upon a statutory provision for the survival of a cause of action against Basham. Under our statute, however, we do not believe that is the situation. Section 2929, R. C. 1919, specifically recites that " * * * the corporation which, or the person who, would have been liable, if death had not ensued, or the administrator or executor of the estate of such person as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured; * * * and when the action is against such administrator or executor, the damages recovered shall be a valid claim against the estate of such deceased person." We think this amounts to more than a mere provision for the survival of a cause of action which existed against the wrongdoer in his lifetime. The allegations of the complaint being confessed by the demurrer, we must assume, for present purposes, that Basham was a tort-feasor and Bennett the innocent victim. It is true that, if Basham predeceased Bennett, there would be no cause of action existing against Basham for Bennett's death at the moment of Basham's decease, but the foundation of liability was nevertheless existent. The liability of Basham (or his estate) is predicated fundamentally upon his wrongful conduct in inflicting upon Bennett the injury of which Bennett subsequently died. The situation is comparable to the contingent liability of a surety on a fidelity bond which never ripens into a cause of action unless and until his principal defaults. The liability of Basham existed in contingent and inchoate form from and after the moment that he inflicted the injury; the condition subsequent which was necessary to ripen such contingent liability into a cause of action being the death of Bennett as a result of the injury. When Bennett died from the injury, the liability previously contingent became absolute, and the cause of action accrued, and under this particular statute we believe it accrued against Basham, if living (with survival against his estate, if he subsequently died), or against Basham's estate, as such, if he had predeceased Bennett. In view of the language of our statute, we do not believe it was intended that the

existence of the cause of action for wrongful death should depend upon whether or not the wrongdoer survived his victim.

We are of the opinion that the demurrer was properly overruled, and the order appealed from is therefore affirmed.

All the Judges concur.