KERR, Appellant, v. BASHAM, Respondent.

(253 N. W. 490.)

(File No. 7633. Opinion filed March 19, 1934.)

*Berry & Berry,* of Sioux City, Iowa, and *R. B. Palmer,* of Woonsocket, for Appellant.

*Hitchcock & Sickel,* of Mitchell, and *L. L. Lawson,* of Woonsocket, for Respondent.

CAMPBELL, J. This case grows out of the same automobile accident involved in Kerr, Adm'r, v. Basham, Adm'x, 62 S. D. 301, 252 N. W. 853, No. 7578, opinion filed February 23, 1934. As

therein stated, Julius M. Bennett and G. E. Basham, each driving an automobile, collided and both were almost instantly killed. Defendant is administratrix of G. E. Basham. The automobile operated by Bennett at the time of the collision was owned by his employers, the Martens & Ketels Milling Company of Sioux City, Iowa, and was totally destroyed as a result of the collision. The Martens & Ketels Milling Company having assigned all its rights and claims in the matter to plaintiff, Kerr, he brings this action to recover from defendant administratrix the sum of $550 as the value of the automobile driven by Bennett and destroyed in the collision. Defendant's demurrer to the complaint was sustained below, and plaintiff has appealed. Appellant has not noticed the case for oral argument; no brief has been filed by respondent; the time for filing such brief extended by stipulation has expired; and the matter is now for disposition.

The appeal presents the questions of the assignability of the claim and of whether or not the cause of action upon which recovery is sought survived the death of Basham.

Appellant concedes the general rule that actions ex delicto do not survive and that such rule is in force in this state except as modified or abolished by statute, but claims to come within the provisions of section 3304, Rev. Code 1919, which reads as follows:

"Any person, or his personal representatives, may maintain an action against the executor or administrator of any testator or intestate who in his lifetime had wasted, destroyed, taken or carried away, or converted to his own use, the goods or chattels of any such person or committed any trespass on the real property of such person."

The statute in question first appears in our law as section 213, Rev. Prob. Code 1877. We took it from section 1584 of the Calif. Code of Civil Procedure of 1872. It first appeared in California as section 197 of the Prob. Act of 1851 (ch. 124, St. Calif. 1851). The same statute exists in many states and probably had its origin in the state of New York where section 5 of chapter 174, passed April 7, 1801 (Kent and Radcliff Revision Laws N. Y. 1802, vol. I, p. 536), provided as follows:

"V. And be it further enacted, that executors and administrators shall have actions of trespass for taking and carrying away the

goods of their testator or intestate in his life time, and that any person his executors or administrators shall have the like actions of trepass against the executors or administrators or any testator or intestate, who in his life time shall have wasted, destroyed, taken or carried away or converted to his own use the goods or chattels of any such person, and shall have the like process, judgment and execution as in other actions against executors and administrators."

By 1829 the language of the New York statute (Rev. Stat. N. Y. 1829, vol. 2, p. 114, part 2, ch. 6, title 5, § 5) had developed into the form which subsequently appeared verbatim in the California Act of 1851. The historical background of the entire matter and the purpose and object of the statute are discussed in many of the early cases. It does not appear to have been the intention of these statutes to permit an action in nature ex delicto against the personal representative of a tort-feasor merely because the tort of the decedent had injured the plaintiff if the deceased or his estate has acquired no gain thereby. It was not intended to permit a mere tort action for damages to survive against the personal representative of the wrongdoer unless the tort had resulted in some advantage to him or his estate. See People v. Gibbs (1832) 9 Wend. 30; Cravath v. Plympton (1816) 13 Mass. 454; Osborn v. Bell (1848) 5 Denio, 370, 49 Am. Dec. 275; Higgins v. Breen, Adm'r (1845) 9 Mo. 497; Coker v. Crozier (1843) 5 Ala. 369; Vittum v. Gilman (1869) 48 N. H. 416; Henshaw v. Miller (1854) 17 How. (21 Curt.) 212, 463, 15 L. Ed. 222. So also were the early California cases, Eustace v. Jahns (1869) 38 Cal. 3; Fox v. Hale, etc., Co. (1895) 108 Cal. 478, 41 P. 328.

A contrary holding embodied in a brief paragraph in the decision of an intermediate California Court (George v. McManus [1915] 27 Cal. App. 414, 150 P. 73; followed without any particular discussion by the Supreme Court of Washington in Barnum v. Jackson [1931] 165 Wash. 347, 5 P. [2d] 497, because they adopted their statute in 1917 from California and believed that they took it charged with the interpretation placed thereon by the California court) does not commend itself to our approval. It appears much to overemphasize the textual presence of the word "destroyed" and to interpret the statute over-literally without any regard to its history or origin. We might mention incidentally

that neither the California nor the Washington decision is cited or relied upon by appellant here.

■ We do not believe that our statute was intended to permit the survival of a cause of action against the personal representative of a negligent tort-feasor who did not take or convert personalty to his own use nor in any manner advantage himself by the tort merely because it chanced to happen in the particular case that the damage suffered as the result of the tortious negligence was the destruction of personalty. Since this view controls the case, it becomes unnecessary to consider the assignability of the claim sued upon. Cf., Sherman v. Harris (1915) 36 S. D. 50, 153 N. W. 925, Ann. Cas. 1917C, 675.; Grabow v. Bergeth (1930) 59 N. D. 214, 229 N. W. 282.

We think the demurrer was properly sustained and the order appealed from is affirmed.

All the Judges concur.