JOHN B. MALONEY, Plaintiff, *v.* PAULINE R. VICTOR, Executrix, etc., of CHAS. J. VICTOR, Deceased, Defendant.

Supreme Court, Erie County, December 19, 1940.

*Ford White*, for the plaintiff.

*Rann, Brown, Sturtevant & Kelly*, for the defendant.

JAMES, J. This is a motion to dismiss the complaint upon the ground that it appears upon its face that it does not state facts sufficient to constitute a cause of action.

The action is brought to recover damages for personal injuries and damage to property suffered in an automobile accident alleged to have been caused by the negligence of the defendant's testator. It is alleged in the complaint that the collision resulted in the immediate death of the testator.

The question to be determined depends in part upon the use of the word "immediate," and in part upon the construction to be given section 118 of the Decedent Estate Law. The argument on behalf of the defendant is in substance that the statute is a survival statute and that it being alleged that the testator's death was immediate, that is, coincident with the impact, there was no one in being at the moment when the cause of action arose who could have been sued and that, therefore, there could be no survival of the cause of action, some time, however short, having elapsed between the impact and the resulting damage.

Section 118 of the Decedent Estate Law provides: " No cause of action for injury to person or property shall be lost because of the death of the person liable for the injury."

I do not regard this as being designed merely to keep alive an existing cause of action which would have abated at common law by the death of the person against whom it existed. It was manifestly the intention of the Legislature that where injury to person or property was caused by the act or neglect of a person who would have been liable therefor had he survived, it should give rise to liability notwithstanding the death of that person. This view charges the estate of the deceased person with liability even though the cause of action should not have arisen until after the death of the person causing the damage, provided that damage was due to his otherwise actionable act or neglect.

We are referred to the Massachusetts case of *Martinelli* v. *Burke* (298 Mass. 390; 10 N. E. [2d] 113) as authority for the contrary view. It is at least questionable whether the decision is strictly in point in view of the terms of the statute involved, but if we assume that it is in point, this court is not inclined to follow it as to do so would defeat the evident intent of the Legislature of this State. The plaintiff also cites the Massachusetts case of *Silva* v. *Keegan* (—— Mass. ——; 23 N. E. [2d] 867) where the death of the wrongdoer preceded that of the plaintiff's intestate. In that case the construction of section 118 of the Decedent Estate Law was involved and the court arrived at a conclusion in conflict with the views stated in this opinion. The decisions of the Massachusetts court are entitled to great respect, but I find myself unable to agree with the particular decision under discussion for the reasons which have already been stated and I, therefore, decline to follow

their decision or to adopt their reasoning. To the contrary may be cited *Merrill* v. *Beckwith* (61 F. [2d] 912), which seems to be directly in point, and *Kerr* v. *Basham* (62 S. D. 301; 252 N. W. 853). Somewhat similar situations were presented in *Ford* v. *Maney* (251 Mich. 461; 232 N. W. 393) and *Letson* v. *Brown* (11 Col. App. 11; 52 P. 287), but the facts in those cases and the statutes involved are such as not to make them decisive of the present situation.

The argument based upon the use of the word " immediate " is fruitless upon the theory above announced, but if it were important I would not be inclined to give it the excessively literal and narrow construction contended for by the defendant. In the nature of things, some period of time, though it might have been minute, must have elapsed between the impact and the death, so that the word cannot reasonably be taken in its literal or etymological sense, but must be understood to mean only that the death, the collision and the damages were all part of a single transaction occupying but a brief period of time which does not connote the idea that the death preceded the damage or the nascence of the cause of action.

It follows that the motion to dismiss must be denied.