This is an action for damages arising out of an automobile collision. The facts are not in dispute. The collision occurred approximately 10 *Page 594 
minutes after 12 o'clock noon. Plaintiff's decedent, Jay Justin, died as the result 15 hours later. Defendant's decedent, Cecil Beiersdorfer, was killed instantly by the collision. It is admitted that defendant's decedent was guilty of negligence, that this was the proximate cause of the accident, and that plaintiff's decedent was free from contributory negligence. The measure of damages, and the amount of damages, is not in dispute. Plaintiff, as administratrix of the estate of Jay Justin, filed a claim in probate court against the estate of Cecil Beiersdorfer, which claim was allowed, appealed to the circuit court, and judgment there entered for plaintiff.
This accident occurred before the effective date of Act No. 297, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14061 et seq., Stat. Ann. 1940 Cum. Supp. §§ 27.711-27.713); therefore, that act does not apply.
The sole question in the case is whether an action for damages survived or existed in favor of plaintiff's decedent where the defendant's decedent (wrongdoer) was instantly killed in the automobile collision which resulted later in the death of plaintiff's decedent. Plaintiff relies solely upon the claim that the cause of action survived and concedes that the death act* does not apply. The appellant claims that plaintiff has no right of action, either under the death act or the survival act.[8224]
The record is not very satisfactory as to the precise meaning intended by counsel in agreeing upon the fact that the wrongdoer died instantly. No testimony *Page 595 
was taken as to the precise facts. We are, however, content to decide the issue upon the agreed statement of counsel:
"That Cecil Beiersdorfer was an occupant of said (Ford) car and the same was being driven with his knowledge and consent. That all of the occupants of the Ford car, the car owned by defendant's decedent, were killed instantly."
The record indicates that the collision was the cause of Beiersdorfer's death, and that he died as a result of the collision without the intervention of any other causative factor.
If the death of Beiersdorfer was caused by, or was the result of, the collision, common sense compels the conclusion that both the cause of death and death itself did not occur in the same split second. The cause of death must come first, and the death must follow as a result. We reach the conclusion that the agreed statement that defendant's decedent was "killed instantly" means that death was instantaneous resulting from the collision. It does not mean that death was precisely coincidental with the impact.
This question as to the precise split second when death occurs "instantaneously" with the act of wrongdoing seems to be one of first impression in this State. In Ford v. Maney'sEstate, 251 Mich. 461 (70 A.L.R. 1315), the tortfeasor was "so hurt that he died, without regaining consciousness, in a few minutes." Mr. Justice FEAD, writing for the court, said:
"Whether an action would survive where the tortfeasor is in fact killed at the instant of injury to a plaintiff may be left to a proper case and the assistance of briefs upon the specific point." *Page 596 
However, it is significant that in Ford v. Maney's Estate,supra, this court said, in differentiating between the death act and the survival act:
"that the legislature did not intend to give two remedies for death by negligent act, but that the death act and the survival act is each exclusive within its sphere. The line of cleavage between them is whether the death is instantaneous. The legal test of instantaneous death was devised in order to afford a practical working of the statutes, death being seldom instantaneous in fact. The test was established, not in an attempt to bring the acts into harmony with common-law principles but by way of judicial interpretation of legislative intention in the construction of statutes which change the common law and have points of conflict. Sweetland v. RailwayCo., 117 Mich. 329 (43 L.R.A. 568); Dolson v. Railway Co.,128 Mich. 444; Lincoln v. Railway Co., 179 Mich. 189
(51 L.R.A. [N. S.] 710); Paperno v. Michigan Railway EngineeringCo., 202 Mich. 257. The death act has no reference to the death of a tortfeasor, and its construction does not carry into the present situation. We are not here confronted by a conflict of statutes. The question is whether, under common-law rules, a cause of action accrued upon which the survival act could operate.
"No authorities have been cited that, at common law, survival from the initial injury in fact, although for a short time, was not sufficient to permit a cause of action to vest. There is no good reason for restricting the terms of our survival act, which are general, nor for creating legal fictions in order to relieve a wrongdoer from the consequences of his wrong. The language in Olivier v. Houghton County Street-Railway Co.,134 Mich. 367 (104 Am. St. Rep. 607, 3 Ann. Cas. 53), is apt:
" 'We see no reason for splitting hairs as to what is meant by instantaneous death, though we *Page 597 
can appreciate the difference between a continuing injury resulting in drowning, or death by hanging, throwing from a housetop, et cetera, and one where a person survives the wrongful act in an injured condition. There is no occasion for saying that one dies instantly because such survival is accompanied by a comatose condition, or unconsciousness, or insanity, or idiocy. The law draws no such distinction between the normal and abnormal, or the rational and irrational.' "
Other jurisdictions have held that where the wrongdoer's death seems to have occurred instantly as a result of his negligent act, his negligence preceded his death and, therefore, a cause of action existed prior to the death of the wrongdoer. Booth v. Frankenstein, 209 Wis. 362 (245 N.W. 191);Kerr v. Basham, 62 S.D. 301 (252 N.W. 853); Merrill v. Beckwith
(C.C.A.), 61 Fed. (2d) 912.
On principle, there would seem to be no reason for a different holding where a right of action exists for an injured party, or on behalf of one killed in a collision, where the admitted wrongdoer lives a few minutes, although unconscious (Ford v. Maney's Estate, supra), and in another case where the wrongdoer is considered to have died in the one-tenth of a second as a result of the tort. Such a refinement of the law would obstruct justice rather than accomplish it. The present theory of the law is compensation for the injury. It is impossible to see why a wrongdoer's estate through a fiction of the law should be exempted from making satisfaction for his wrongdoing. It is a fundamental principle of law that persons wronged should not be deprived of redress. Pollock, Law of Torts (11th Ed.), p. 61.
The question at bar has been occasioned by modern conditions and the high-speed automobile. Instantaneous death is a fiction so far as applied to the result of actionable negligence in an automobile *Page 598 
damage case. There is no reason for the rule of law claimed here by the appellant, and, when the reason fails, the rule should fail. As well said by Mr. Justice GRANT, inLansing v. Haynes, 95 Mich. 16 (35 Am. St. Rep. 545), "The reason of the law is the essence and soul of the law."
Rules of law should tend to accomplish justice rather than be used as stumbling blocks to prevent progress toward that end. We might conceive of a case where death of the tortfeasor in an automobile collision might be precisely coincidental with his tort, or even precede it by an instant of time. For example, an independent causative factor, such as a pistol shot, or heart failure, might raise a question of fact as to the instant of death compared to the instant of the tort. Such is not the case at bar.
Judgment affirmed, with costs to appellee.
SHARPE, C.J., and CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred with BOYLES, J.
BUSHNELL, J., concurred in the result only.
* 3 Comp. Laws 1929, §§ 14061, 14062 (Stat. Ann. §§ 27.711, 27.712), prior to amendment above noted. — REPORTER.
[8224] 3 Comp. Laws 1929, § 14040 et seq. (Stat. Ann. 27.684 etseq.), since repealed insofar as it is inconsistent with Act No. 297, Pub. Acts 1939. — REPORTER. *Page 599