131 P.2d 265

## CASH v. ADDINGTON.

### No. 4735.

Supreme Court of New Mexico.

Oct. 10, 1942.

Whatley & Garland, of Las Cruces, for appellant.

W. A. Sutherland, of Las Cruces, for appellee.

BICKLEY, Justice.

While Lawrence H. Addington was driving his automobile negligently on a public highway, said automobile collided with the automobile then and there owned and being driven by the plaintiff at a reasonable and prudent rate of speed.

The court found: "2. That as a result of the collision of the two automobiles set forth and described in plaintiff's complaint, defendants said intestate, Lawrence H. Addington, was instantly killed."

The court refused to make the defendant's requested findings of fact as follows:

"3. That none of the evidence in this case disclosed that defendant's said intestate, Lawrence H. Addington, was still alive at the moment of the injury to plaintiff and damage to plaintiff's automobile."

"4. That the evidence wholly failed to show that plaintiff was injured and his car damaged before defendant's said intestate, Lawrence H. Addington, was killed and while he was still alive."

Plaintiff's car was entirely demolished and he sustained physical injuries, and was subjected to hospital and nursing expense for all of which he prayed judgment in the sum of five thousand and three hundred dollars.

The Court awarded damages in the sum of $612.

Appellant urges that the judgment should be reversed solely because there is no proof that Mr. Addington lived until the injuries to appellant's person and property were inflicted.

Chapter 79, Laws 1941, provides that Ch. 105, Sec. 1202, of N.M.S.A.1929 is amended as follows: "105-1202. *What causes of action survive.* In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the person entitled or liable to the same. *The cause of action for wrongful death and the cause of action for personal injuries, shall survive the death of the party responsible therefor.*"

It seems likely that the amendment following soon after our decision in Ickes v. Brimhall, 42 N.M. 412, 79 P.2d 942, was designed for the purpose of remedying the situation there existing.

It is the contention of the appellant that the italicized portion of this statute which is the new matter introduced by the 1941 Legislature has no application to cases of instantaneous death.

■ We think it is clear that under the statute above cited, a cause of action survives if it accrue, however short the time, before the death of the wrongdoer.

■ If the death of Addington was caused by, or was the result of, the collision, common sense compels the conclusion that both the cause of death and death itself did not occur in the same split second. The cause of death must come first, and the death must follow as a result. We reach

the conclusion that the phrase employed in finding No. 2 above quoted, that Addington "was instantly killed", means that death was instantaneous resulting from the collision. It does not mean that death was precisely coincidental with the impact.

▆▆ Addington and Cash and the latter's automobile received their injuries from the same cause, and, it is fairly inferable from the circumstances attending the collision and wrecking of Cash's automobile, at almost the same instant. Addington's injury necessarily preceded his death, and life could not possibly have become extinct before Cash and his automobile were injured. His death may have been sudden, in common language, instantaneous. But in every fatal casualty there must be a conceivable point of time, however minute, between the violence and the total extinction of life. That period may be a year, or it may be less than the shortest known division of time. During its continuance the right of compensation for the wrong belongs to the victim, and it is capable of devolution, like other rights, upon his representative.

▆ We are of the opinion that the statute does not recognize a distinction where a wrongdoer lives a reasonable length of time and one where death resulting from an injury is commonly spoken of as having been instantaneous.

Our opinion and conclusion is supported by the reasoning in Ford v. Maney's Estate, 251 Mich. 461, 232 N.W. 393, 70 A.L.R. 1315 and annotation; Kellow v. Central Iowa Railway Company, 68 Iowa 470, 23

N.W. 740, 27 N.W. 466, 56 Am.Rep. 858; Capital Trust Co. v. Great Northern Ry. Co., 127 Minn. 144, 149 N.W. 14; Justin v. Ketcham, 297 Mich. 592, 298 N.W. 294; Merrill v. Beckwith, 5 Cir., 61 F.2d 912; Maloney v. Victor, 175 Misc. 528, 25 N.Y.S.2d 257. In the case last cited, the court decided: "Under statute providing that no cause of action for injury to person or property shall be lost because of death of person liable for the injury, the estate of a decedent may be charged with liability even though the cause of action should not have arisen until after the death of decedent provided the damage was due to decedent's otherwise actionable act or neglect." And proceeded to say: "The argument based upon the use of the word 'immediate' is fruitless upon the theory above announced, but if it were important I would not be inclined to give it the excessively literal and narrow construction contended for by the defendant. In the nature of things, some period of time, though it might have been minute, must have elapsed between the impact and the death, so that the word cannot reasonably be taken in its literal or etymological sense, but must be understood to mean only that the death, the collision and the damages were all part of a single transaction occupying but a brief period of time which does not connote the idea that the death preceded the damage or the nascence of the cause of action,"

Our conclusion is that there is no error in the record prejudicial to appellant and that the judgment should be affirmed.

It is so ordered.

BRICE, C. J., and SADLER and MA-
BRY, JJ., concur.

ZINN, J., did not participate.