350 P.2d 853

Leonard MEADS, Plaintiff and Appellant,

v.

Richard C. DIBBLEE, Administrator of Estate of John Richard Salmon, Deceased, and Merrill B. Colton, Defendants and Respondents.

No. 9080.

Supreme Court of Utah.

April 6, 1960.

230

Rawlings, Wallace, Roberts & Black, Salt Lake City, for appellant.

Rich & Strong, Cannon & Hanson, Salt Lake City, for respondents.

WADE, Justice.

Leonard Meads, father of Ellen Meads, a minor child of 17 years, brings this action under Section 78–11–6, U.C.A.1953, to recover damages to him for her death caused by a highway collision. He sues Richard C. Dibblee, administrator of the estate of John Richard Salmon, deceased, driver of the vehicle in which Ellen was riding and Merrill Byron Colton, driver of the trailer-truck with which it collided.

The accident occurred about 10:45 p. m. in the evening of June 10, 1958, on U. S. Highway 91, just east of 5th East Street in American Fork, Utah. Ellen and John, who were engaged to be married, were traveling eastward in a car driven by him on that highway. Behind them traveling in the same direction Colton was driving his trailer-truck when John pulled his car to the right edge of the highway and then turned to his left in front of the approaching trailer-truck where the collision occurred. John and Ellen were both killed by this collision, he died immediately and Ellen died about a week later. Plaintiff claims that John was guilty of wilful misconduct in knowingly turning in front of the trailer-truck, and that Colton was negligent and that such misconduct and negligence proximately caused Ellen's death.

At the pretrial conference the trial court granted summary judgment in favor

of the administrator of John's estate dismissing with prejudice the action against him on the ground that at common law a cause of action for wrongful injury or death of another does not survive the death of the wrongdoer and that Section 78–11–12 only provides that a cause of action in existence at the time of the death of such wrongdoer shall not abate upon his death. If upon the death of the wrongdoer this statute merely preserves, perpetuates and does not allow to abate a liability which existed against him before he died the trial court's judgment was correct. If, however, this statute creates a new liability in favor of the parent of a minor child who is killed by wrongful act or negligence against the personal representatives of the deceased wrongdoer then the decision must be reversed.

■ There is no common law action for the recovery of damages for death by the wrongful act or neglect of another. Such action was created in England in 1846 by the Lord Campbell's Act.[1] Our territorial legislature adopted two versions of this act.[2] We are concerned only with the second version above cited which contains provisions very similar to Sections 78–11–6 and 7, U.C.A.1953.[3] Such provisions have been a part of our statutes since originally enacted.

■ These sections do not preserve or perpetuate a liability in favor of a parent or the personal representatives or heirs of the deceased which existed before his death. They create a new liability in favor of the parents or heirs of the deceased, to recover the loss sustained by such parents or heirs by reason of the wrongful death. The reason for the new liability is obvious. The parents and heirs of a person who dies from the wrongful act or negligence of another suffer a direct loss to themselves. The parent is entitled to the earnings of his child, to his society, and help and may receive direct support especially in old age or in case of disability. If the deceased is an adult, the spouse, or children if any, are entitled to support,

1. Lord Campbell's Act, 9 & 10 Vict. c. 93.
2. Compiled Laws 1888, Sections 2961 and 2962, and Sections 3178 and 3179. See also Article XVI, Section 5, Constitution of Utah.
3. Our present act after excluding from the operation of such statutes cases covered by the Workmen's Compensation Act, U.C.A.1953, 35–1–1 et seq. contain the following provisions:
 Section 78–11–6. " * * * a father, or * * * the mother, may maintain an action for the death or injury of a minor child when such injury or death is caused by the wrongful act or neglect of another; * * * "
 Section 78–11–7. " * * * when the death of a person not a minor is caused by the wrongful act or neglect of another, his heirs, or his personal representatives for the benefit of his heirs, may maintain an action for damages against the person causing the death, * * * "

society, counsel and advice and many other incidental benefits which they would have received if he had lived and may recover the value of these lost benefits occasioned by his death.

At common law there was no tort liability against a tortfeasor's estate after his death. Tort liability existing during the tortfeasor's life abated upon death, and such liability never comes into existence if it did not exist before his death even though his actions were such as would have created liability had the tortfeasor lived. To remedy this defect Section 78–11–12 was enacted in 1953.[4] This section provides as follows:

"Causes of action arising out of physical injury to the person or death, caused by the wrongful act or negligence of another, shall not abate upon the death of the wrongdoer, *and* the injured person or the personal representatives or heirs of one meeting death, as above stated, shall have a cause of action against the personal

representatives of the wrongdoer; * * *" (emphasis ours).

The first part of this quotation simply says: "Causes of actions arising out of physical injury to the person or death, caused by the wrongful act or negligence of another, shall not abate upon the death of the wrongdoer, * * *" This language merely perpetuates or preserves liability which existed at the time of the death of the wrongdoer. Since Sections 78–11–6 and 7 create a new liability upon the death of a person wrongfully killed the liability thereby created did not come into existence in this case until after Ellen's death. John having died before Ellen, there was no liability to perpetuate against him upon her death which would not abate under the provisions of Section 78–11–12.

However, there is a second part to Section 78–11–12 which provides: "* * * and the injured person or the personal representatives or heirs of one meeting death, as above stated, shall have a cause of action against the personal representatives of the wrongdoer; * * *" Below[5]

---

4. See Laws of Utah for 1953, Chapter 30, page 67, 1959 Pocket Supplement to U.C.A.1953, section 78–11–12.

5. Section 78–11–12. "Causes of action arising out of physical injury to the person or death, (3) *caused by the wrongful act or negligence of another*, shall not abate (4) *upon the death of the wrongdoer*, (1) *and* the injured person or (2) *the personal representatives or heirs of one meeting death*, as above stated (5) *shall have a cause of*

*action against the personal representatives of the wrongdoer; * * *"* The second part of this statute would thus read if arranged to be read alone as follows: "* * * (1) *and* (2) *the personal representatives or heirs of one meeting death*, (3) *caused by the wrongful act or negligence of another*, (4) *upon the death of the wrongdoer*, (5) *shall have a cause of action against the personal representatives of the wrongdoer; * * *"*

I have used the exact words of this statute, adding thereto numbers and emphasis indicating the arrangement the other parts referred to would have had if repeated instead of being merely referred to and obtain therefrom the following statement. "* * * and the personal representatives or heirs of one meeting death, caused by the wrongful act or negligence of another, upon the death of the wrongdoer, *shall have a cause of action against the ·personal representatives of the wrongdoer; * * *"* (emphasis ours).

This is a clear, direct and unambiguous statement that the happening of the specified events will give rise to a cause of action. The second provision is not conditioned on the person who is negligently killed dying before the wrongdoer and is in no way limited by the provision in the first part that the liability against the wrongdoer shall not abate upon his death. This is equally true whether the two parts are read separately or together. All of the events which the second provision requires must happen to create liability are present under the facts claimed by the plaintiff in this case. There is no provision which tends to indicate that the liability provided in the second provision must exist prior to the death of the wrongdoer. By using the word "and" to join the two provisions it indicates an intention to add to the liability perpetuated and preserved by the first provision. The language in which it is couched without limitations clearly indicates the creation of an additional liability and not merely perpetuating an existing liability. There is not a word or group of words whether read separately or as a whole which indicates an intention to limit the liability provided for in the second part to liability which existed prior to the death of the wrongdoer.

The language of the second part of this statute, except it deals with liability against the wrongdoer and not with liability for the death of a person wrongfully or negligently killed, is very similar to the language of Sections 78–11–6 and 7. We have consistently held that these sections create a new liability and do not merely perpetuate a previously existing liability. The language of the second part of Section 78–11–12 is clear, positive and unambiguous that the personal representatives or heirs of one whose death is caused by wrongful act or negligence of another shall, upon the death of the wrongdoer, have a cause of action against his personal representatives. This liability is in no way limited to liability which existed prior to the death of the wrongdoer. Certainly the legislature has the power and authority to create such liability regardless of whether there was a pre-existing liability and regardless of which died first, the wrongdoer or the person who was negligently killed.. That such was the legislative intention is not questioned and the wording to that effect could

hardly be clearer. Also the second part would be meaningless and add nothing to the statute if its only purpose was to perpetuate a pre-existing liability, for the statute had previously clearly provided that such previously existing liability shall not abate upon the death of the wrongdoer.

As previously noted the first part of Section 78–11–12 provides that a cause of action arising out of death caused by the wrongful act or negligence of another shall not abate upon the death of the wrongdoer. That part of the statute merely perpetuates liability which existed at the time of the death of the wrongdoer as do the statutes of some other states. Thus the Alabama statute [6] relied on by respondent provides that "[A] personal representative may maintain an action * * * for the wrongful act, omission, or negligence of any person * * * whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death. Such action shall not abate by the death of the defendant, but may be revived by his personal representative; * * *" The first sentence of this provision, like our Sections 78–11–6 and 7, provides for a cause of action for the death of a person killed by a wrongful act or negligence of another. The second part in express terms provides that such action provided for in the first part shall not abate by the death of the defendant, but may be revived against his personal representative. There that statute stops. There is no additional provision like our Section 78–11–12 contains adding that the personal representatives or heirs of one meeting death by the wrongful act or negligence of another shall upon the death of the wrongdoer have a cause of action against the wrongdoer's personal representatives. The liability created by the Alabama statute is strictly limited to perpetuating a liability which came into existence prior to the death of the wrongdoer. There is no such limitation to the liability created by our Section 78–11–12 for it provided that such liability shall not abate upon the death of the wrongdoer and the personal representatives or heirs of one meeting death by the wrongful act or negligence of another shall upon the death of the wrongdoer have a cause of action against his personal representatives. This is a clear distinguishing feature between our Section 78–11–12 and the Alabama statute.

6. See Section 123 of Title 7 of the Code of Alabama for 1940, as construed in Yount v. National Bank of Jackson, 327 Mich. 342, 42 N.W.2d 110, 17 A.L.R.2d 685, where some people from Michigan were killed in an automobile accident in Alabama.

The Arizona Statute [7] is cited as one with a "shall not abate" provision which requires the action to accrue against the wrongdoer before his death. That statute deals only with *actions* commenced and pending when the wrongdoer dies and not with *causes of action*. It authorizes the substitution of the wrongdoer's personal representative as defendant upon his death in the following language: [8]

"An *action* to recover damages for injuries to the person, or death caused by the wrongful act, default or neglect of another, shall not abate by reason of the death of the *defendant*, and *his personal representative may be substituted as defendant.* * * * The action shall thereupon proceed to judgment as if the defendant had remained alive * * *." (Emphasis ours.)

This section is now Rule 25(b) of Arizona Rules of Civil Procedure; it deals with the substitution of parties to actions the same as Rule 25 of the Federal and Utah Rules of Civil Procedure, 28 U.S.C.A. Except that it uses the term "shall not abate" in an entirely different sense, it has no similarity to either the first or second part of our statute.

Courts are said to be disinclined to liberally construe statutes dealing with liability in favor of the parents, heirs or personal representatives of a person who is killed by wrongful act or negligence of another against the personal representatives of the wrongdoer after his death.[9] We are required to liberally construe our statutes to effect their objects and promote justice.[10] We have been referred to no statute which is similar to our Section 78–11–12, and none which more clearly and unambiguously requires liability in favor of the parent, heirs or personal representatives of the person wrongfully or negligently killed after the death of the wrongdoer against his personal representatives. Many of the states having statutes like the first provision of our statute are merely survival statutes.[11] Still a number of states hold that the statute in question creates liability against the personal representatives of the wrongdoer, even though the wrongdoer died before the person who was wrongfully or negligently killed and there was no pre-existing liability before the death of the wrongdoer.[12]

---

7. See Revised Code of Arizona 1928, Sec. 3774, now Rule 25(b), Rules of Civil Procedure, 16 Arizona Revised Statutes Annotated, p. 307, Published in 1956.
8. See McLellan v. Automobile Ins. Co. of Hartford, Conn., 9 Cir., 1935, 80 F.2d 344.
9. See annotation on this subject in 61 A.L.R. 830.
10. See Section 68–3–2, U.C.A.1953.

11. See annotation cited in note 9 above.
12. See Kerr v. Basham, 62 S.D. 301, 252 N.W. 853; 62 S.D. 484, 253 N.W. 490; 64 S.D. 27, 264 N.W. 187; (1934–1935); Fish v. Liley, 1949, 120 Colo. 156, 208 P.2d 930; Ehrlich v. Merritt, 3 Cir., 1938, 96 F.2d 251; see also Ford v. Maney's Estate, 1930, 251 Mich. 461, 232 N.W. 393, 70 A.L.R. 1315; Justin v. Ketcham, 1941, 297 Mich. 592, 298 N.W.

236

We think that such cases correctly state the law as enacted by this statute..

 Respondents do not claim that the legislature intended to limit the liability provided for in this statute to liability which existed prior to the death of the wrongdoer. A liberal construction of this statute to effect its objects and promote justice as well as the direct wording of its last part requires that the statute be not so limited. We reach this conclusion notwithstanding what we said about this statute in Fretz v. Anderson.[13]

Case is reversed and remanded with directions to the trial court to proceed in accordance with the views herein expressed. Costs to appellant.

CROCKETT, C. J., and McDONOUGH, J., concur.

HENRIOD, Justice (dissenting).

I dissent. The facts in this case are much stronger for application of the language in Fretz v. Anderson, 1956, 5 Utah 2d 290, 300 P.2d 642,[1] since here there was no question but what the alleged tortfeasor predeceased the person whose death claim is the subject of this litigation.

Furthermore, it appears to me that the construction of the main opinion to the effect that the first half of one sentence of the statute prevents the pursuit of a death claim while the second half of the same sentence allows it, is quite inaccurate, and illogical.

It seems to the writer that the second half of the sentence over which the majority opinion labors grammatically simply modified the first half by telling us who may be parties plaintiff ( 1) the injured person or 2) the personal representative or 3) heirs of the decedent), depending on the facts prevailing and the applicability of the statute thereto.

I am unable to see any pertinency in this case of Secs. 78-11-6 and 7, U.C.A.1953, adverted to in the main opinion.

CALLISTER, Justice (dissenting).

I concur with the views expressed by Justice HENRIOD. The result reached by the majority opinion is perhaps desirable, but should be achieved by legislative enactment.

-294; Bennett v. Olney's Estate, 1944, 309 Mich. 65, 14 N.W.2d 574; Maloney v. Victor, 1941, 175 Misc. 528, 25 N.Y.S. 2d 257.

13: See Fretz v. Anderson, 1956, 5 Utah 2d 290, 300 P.2d 642, 649.

1. " * * * The survival statute, U.C.A. 1953, 78-11-12, provides that the cause of action shall not abate upon the death of the wrongdoer; thus the cause of action cannot arise at 'a time beyond the life of the tortfeasor."