[No. 17707.  Department One.  April 5, 1923.]

LOUISE RAYMOND, *Appellant*, v. GEORGE J. NEURNBERG, *Respondent.*[1]

MUNICIPAL CORPORATIONS (379, 381)—USE OF STREETS—COLLISION AT CROSSING—VIOLATION OF ORDINANCE.  The plaintiff was guilty of contributory negligence, precluding recovery for an automobile collision at a street intersection, where she was driving eighteen miles per hour and collided with defendant's car approaching from the left at seven or eight miles, the speed limit being twelve miles, notwithstanding plaintiff approaching from the right had the right of way.

Appeal from a judgment of the superior court for King county, Sheeks, J., entered June 19, 1922, upon findings in favor of the defendant, dismissing an action for damages sustained in an automobile collision. Affirmed.

*Murphy & Kumm*, for appellant.

*Longfellow & Fitzpatrick*, for respondent.

BRIDGES, J.—This was a suit for damages to an automobile.  The case was tried to the court without a jury, and the plaintiff has appealed from a judgment dismissing her action.

The appellant, accompanied by two young ladies, was driving her Locomobile northerly along Harvard avenue, in Seattle, and the respondent was driving his Buick roadster easterly along Mercer street.  A collision occurred at the intersection of the streets mentioned.  Both streets were paved and the roadway on each was about twenty-five feet wide.  Harvard avenue runs north and south and is practically level in the neighborhood of the place of the collision; Mercer street runs east and west and approaches Harvard avenue on an up grade of about seven per cent.  Some-

[1]Reported in 214 Pac. 9.

what further west Mercer street has a still steeper grade. At the southwest corner of the intersection of these streets there was considerable shrubbery which made it quite impossible for either of the parties to have observed the other until in, or at least very close to, the intersection.

The appellant and her witnesses frankly testified that, at the time of entering the intersection, her car was traveling at a rate of speed between fifteen and twenty miles per hour. The trial court found eighteen miles per hour. Appellant was properly traveling on the right side of the street. There is nothing to show that, on approaching this intersection, she blew her horn or gave any signal. The respondent, some blocks west of the intersection, was running in low gear on account of the steep grade. He then shifted to intermediate gear and thus approached and came into the intersection in question, traveling at the rate of about seven or eight miles an hour, and was on his right-hand side of the street. While the appellant testified she did not hear any horn blown from the respondent's car, yet he testified that he blew his horn on approaching the intersection, and the trial court found that his horn was so sounded.

There is some dispute as to which car was first in the intersection, but it would seem that the preponderance of the evidence shows that the front of the appellant's car was some three feet within the intersection as respondent's car nosed therein. When the appellant saw the danger of collision, she turned her car somewhat to her right, and for a like purpose, and at the same time, the respondent turned his car to the left, and the collision occurred near the center of the intersection. The respondent testified that appellant's car was approaching the intersection on the left, or

wrong side, of Harvard avenue, but, as we have above stated, we are disposed to believe that in this he was mistaken.

The city ordinance provided that, at intersections of streets such as involved here, the speed of automobiles should not exceed twelve miles per hour, and that the person approaching from the left must yield the right of way to one approaching from the right. In other words, under the ordinance, everything else being equal, the appellant had the right of way at the intersection.

Under the testimony as it is recited, and it is not greatly in dispute, it is somewhat difficult to find that the respondent was guilty of any negligence unless it should be his failure to give the right of way to the appellant. He came on the intersection driving his automobile in intermediate gear and traveling within the rate of speed provided by the ordinance, and sounded his horn and was driving with due care. On the other hand, the appellant frankly admits that she was driving at a rate of speed greatly in excess of that permitted by the ordinance. It must therefore be held that she violated the city ordinance and was guilty of negligence in so doing.

She argues, however, that such negligence was not the proximate cause of the injury. The question involved is not whether appellant's negligence in driving too fast was the proximate cause of the injury but whether such conduct materially contributed to the injury. We cannot say that it did not so contribute. We cannot say that, had she been traveling within the ordinance, she might not have been able to stop her car before the collision, or to have turned it further to her right and towards the east on Mercer street and thus have avoided the injury. Plainly, it was the

speed of her car that made.it impossible for her to do that which she at once determined ought to be done, and that was to turn her car easterly on Mercer street instead of continuing north on Harvard avenue, as her original course was outlined. The trial court considered that the excess of speed materially contributed to the collision, and we do not feel justified, under the facts, in interfering with the finding thus made.

The judgment is affirmed.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.