[No. 26171.   Department Two.   September 9, 1936.]

WEST COAST TRANSPORT COMPANY, *Respondent*, v. ELMER E. LANDIN, *as Administrator, Appellant*.[1]

*Schwellenbach & Gates* and *Miller & Weiss,* for appellant.

*Ralph B. Potts* and *Frederick G. Hamley* (*Charles L. Hamley,* of counsel), for respondent.

MAIN, J.—This action was brought to recover for the destruction of a truck, damages to a trailer, and for the loss of a quantity of gasoline. The cause was tried to the court without a jury, and resulted in find-

[1]Reported in 60 P. (2d) 704.

ings of fact from which it was concluded that the plaintiff was entitled to recover for each of the three items mentioned. From the judgment entered in favor of the plaintiff for the destruction of the truck in the sum of $5,200, for damages to the trailer in the sum of $600, and for the loss of gasoline in the sum of $266.72, the defendant appeals.

The facts are these: The accident out of which the litigation arose happened at the intersection of Fifteenth avenue northwest and Leary way, in the city of Seattle, at about 12:45 a. m., October 19, 1934, both streets being arterial highways. In the center of the intersection was a signal light. At the northeast corner of Leary way there was a stop sign. At the southwest corner of Leary way there was a stop sign. Both streets are paved, and the distance between the curbs of each is fifty-four feet. Leary way extends east and west, and Fifteenth avenue north and south. At the southeast corner of the intersection no stop sign has been placed on Fifteenth avenue northwest. A truck and trailer, owned by the respondent, were traveling north on Fifteenth avenue northwest. The truck and trailer were of the length of approximately fifty-five feet over all.

Alfred E. Landin and Mary E. Landin, his wife, were proceeding east on Leary way, approaching the intersection of that street with Fifteenth avenue northwest, the car at the time being driven by Mr. Landin. This automobile proceeded across the intersection without stopping, in violation of the signal light and the stop sign. The speed across was from forty to forty-five miles per hour. The truck was proceeding north on Fifteenth avenue northwest and entered and was crossing the intersection at a speed of approximately twenty-five miles per hour.

The driver of the automobile attempted to pass in

front of the truck, and the left front of the truck struck the automobile on the right-hand side, with the result that Mr. and Mrs. Landin were killed, the truck took fire and was practically destroyed, and the gasoline was spilled upon the street. Subsequently, and prior to the time the action was instituted, the appellant was appointed administrator of the estate of Alfred E. Landin and the administrator with the will annexed of the estate of Mary E. Landin.

There are in the briefs much argument and citation of authorities bearing on the question as to what was the legal speed limit for the truck across this intersection, and this argument revolves around the question as to whether, in order for the city of Seattle, by ordinance, to increase the speed on an arterial highway at an obstructed view intersection, it was necessary to post a sign indicating that such increase of speed was permissible over that permitted by the state law at such intersection. This precise question is involved in another case now pending in this court where an accident happened at another intersection, and that case has been set for hearing *En Banc*. For this reason we shall not, in this opinion, either discuss or determine the question.

The judgment in this case may soundly be affirmed on another ground, and we shall assume, without so deciding, that the truck, going at twenty-five miles an hour, was exceeding the lawful speed at the intersection, and that the driver thereof was guilty of negligence as a matter of law. Even though guilty of negligence as a matter of law, this would not bar a recovery unless such speed materially contributed to the accident. Excessive speed on the part of the driver of the truck would not defeat a recovery if the "sole, proximate cause of the accident" was the negligence of the driver of the automobile. *Hirst v. Stand-*

*ard Oil Co.,* 145 Wash. 597, 261 Pac. 405; *Koboski v. Cobb,* 161 Wash. 574, 297 Pac. 771; *Hines v. Foster,* 166 Wash. 165, 6 P. (2d) 597.

When the truck was about twenty-five or thirty feet from the intersection, as the evidence shows, the automobile was approximately two hundred feet therefrom, or, as found by the trial court, "several hundred feet away from the said intersection." Before entering the intersection, the driver of the truck saw the automobile approaching on his left. At his right, another automobile had approached and stopped at the stop sign. The driver of the truck did not again look to his left, from which the automobile was approaching, until almost the instant of the impact. In failing to look again, he was not guilty of negligence, because this was an intersection protected by stop signs and a signal light on Leary way. The driver of the truck had a right to assume that the driver of the automobile would not undertake to cross in front of him, and he was not required to anticipate that the driver of the automobile would enter the intersection in violation of the stop sign and signal light. 2 Blashfield, Cyclopedia of Automobile Law and Practice, p. 200; *Travis v. Eisenlord,* 256 Mich. 264, 239 N. W. 304; *Woods v. Greenblatt,* 163 Wash. 433, 1 P. (2d) 880.

From the evidence, it appears that the sole and exclusive cause of the accident was the speed of the driver of the automobile and his failure to stop, in obedience to the stop sign and the signal light. The driver of the truck was not guilty of negligence in any material degree in failing to look again to see whether the automobile was going to attempt to cross the intersection without stopping and at a high rate of speed. The speed at which the truck was going did not materially contribute to the accident. One eye witness testified that the driver of the automobile "dashed in

front of the truck in the fifth or sixth lane." Another eye witness testified that the "truck was right in the intersection and the car swerved around and tried to get around the truck and didn't make it."

The case of *Raymond v. Neurnberg*, 124 Wash. 297, 214 Pac. 9, is upon materially different facts. That was an obstructed intersection, but the streets were not arterial highways. There, the driver of neither automobile could see the other until "in, or at least very close to, the intersection." Here, each driver could see the other for a considerable distance before they entered the intersection, and even though there is a presumption that the driver of the automobile, having been killed, was in the exercise of due care, there is also the presumption that he could have seen the truck had he looked and observed its speed, because there was nothing to obstruct his vision. We conclude, on this branch of the case, that the accident was due solely to the negligence of the driver of the automobile, and that the truck traveling at a speed of twenty-five miles per hour, rather than fifteen, did not materially contribute to the accident.

The other question presented is as to the amount of the damages. Rem. Rev. Stat., § 1520 [P. C. § 9888], provides that any person or his personal representatives shall have

" . . . an action against the executor or administrator of any estate or intestate who in his lifetime shall have wasted, destroyed, taken, or carried away, or converted to his own use, the goods and chattels of any such person. . . ."

In this case, the evidence showed, and the trial court found, that the value of the truck, immediately before the accident, was $5,700, and immediately afterwards, five hundred dollars, and that the trailer was damaged

to the extent of six hundred dollars. There is no controversy over the item for loss of gasoline.

In *Barnum v. Jackson,* 165 Wash. 347, 5 P. (2d) 497, it was held that, where an automobile of the value of three thousand dollars was damaged in a collision, to the extent that its salvage value was but two hundred dollars, it was destroyed within the meaning of the statute referred to. That case is directly controlling as to the truck. The damage to the trailer, in the sum of six hundred dollars, as found by the trial court, is supported by the evidence.

The judgment will be affirmed.

MILLARD, C. J., HOLCOMB, BEALS, and BLAKE, JJ., concur.