[No. 27530. Department Two. November 7, 1939.]

PASQUALLE FABBIO et al., Respondents, v. DIESEL OIL SALES COMPANY et al., Appellants.[1]

[1]Reported in 95 P. (2d) 788.

*John J. Dunn* and *Gordon H. Sweany,* for appellants.

*Padden & Moriarty* and *Wendell W. Duncan,* for respondents.

BLAKE, C. J.—Plaintiffs brought this action to recover damages for the death of their thirteen-year-old son, which they alleged was caused by the negligence of defendant Charles Damerow in the operation of an oil truck owned by defendant Diesel Oil Sales Company. The defendants denied negligence and alleged contributory negligence on the part of the boy. From judgment on a verdict in favor of plaintiffs, defendants appeal.

Three questions are raised on the appeal: (1) Was the boy guilty of contributory negligence as a matter of law? (2) Did the court err in refusing to admit in evidence certain photographs taken at the scene of the collision the day after it occurred? (3) Did the court err in giving a certain instruction?

*First.* The boy's death resulted from a collision between a sled upon which he was coasting and an oil truck driven by appellant Damerow. The collision occurred about six p. m., January 11, 1937, at the corner of east Valley street and Twenty-ninth avenue north, in Seattle. East Valley street extends east and west, ending at Twenty-ninth. The latter crosses east Valley street at right angle. From Twenty-third avenue to Twenty-eighth avenue, east Valley street is quite precipitous. From Twenty-eighth to Twenty-ninth, there is a two and one-half per cent grade.

The coasters would start at Twenty-third. The momentum gained from there to Twenty-eighth would carry some of them on to Twenty-ninth, where they would turn in their course either to the north or south. At the time in question, there were some thirty or forty coasters on the hill, with half as many sleds.

Within five minutes prior to the collision, Damerow had driven across east Valley street, going south on Twenty-eight avenue. He had been held up at that corner a short time to let coasters pass. After crossing east Valley street at Twenty-eighth avenue, he swung around on east Madison street to Twenty-ninth avenue and was proceeding north along that street when the collision occurred. His speed was variously estimated from fifteen to twenty-five miles per hour. The corner of Twenty-ninth and east Valley falls within the definition of an obstructed intersection.

There is a sharp conflict in the evidence as to the point of collision and as to whether there were any red lights at the intersection to warn travelers on Twenty-ninth avenue of the danger of collision with coasters. The presence or absence of such lights, we think, is of no moment, since no question is raised of Damerow's negligence being a question for the jury. In any event, the absence of red lights would not affect

the question of negligence, for the night was clear and Damerow had actual knowledge that children were coasting on east Valley street. Furthermore, he was thoroughly familiar with the topography of the locality.

■ With respect to the point of collision—by evidence proffered by appellants, it was located at the southeast corner of the intersection. Damerow himself testified that the truck did not get into the intersection. On the other hand, the evidence adduced by respondents located the point of collision at the northeast corner. On appellants' theory, as truck and sled came into the intersection, the boy turned toward the truck; on respondents', he turned away. In view of this conflict in the evidence, we think it was for the jury to say whether the boy was guilty of contributory negligence.

■ Appellants, however, urge that, in view of one of the court's instructions, the issue of contributory negligence must be determined as a matter of law. The court, in contemplation of Rem. Rev. Stat., § 6362-2 [P. C. § 196-2], Laws of 1929, chapter 180, p. 455, § 1 (a), held the sled to be a *vehicle;* and that, as such, it was required to carry lights as prescribed by the motor vehicle act. Since the sled, a small flexible flyer, carried no lights, appellants argue that the boy must be held guilty of contributory negligence as a matter of law. Respondents challenge the correctness of this instruction. The appellants contend that the instruction is a correct statement of the law under the holding of this court in *Long v. Hicks*, 173 Wash. 17, 21 P. (2d) 281.

Whether the instruction was correct, in view of that authority, we shall not determine here. For, assuming it to be correct, still, under the dispute in the evidence

as to the point of collision, it was for the jury to say whether the contributory negligence on the part of the boy in failing to have his sled equipped with lights was a proximate cause of his death. *White v. Kline,* 119 Wash. 45, 204 Pac. 796; *Hines v. Foster,* 166 Wash. 165, 6 P. (2d) 597; *Bredemeyer v. Johnson,* 179 Wash. 225, 36 P. (2d) 1062; *West Coast Transport Co. v. Landin,* 187 Wash. 556, 60 P. (2d) 704.

■ *Second.* Shortly after the collision occurred, the truck was driven away. The next day, photographs were taken at the scene of the accident, showing the truck in the position in which it was, *according to the testimony of Damerow,* at the time of the collision. Whether illustrative photographs be or be not admitted in evidence, is a matter largely within the discretion of the trial court, and his ruling will not be disturbed except for abuse of discretion. *Quayle v. Knox,* 175 Wash. 182, 27 P. (2d) 115. We think, in view of the sharp conflict in the evidence as to the point where the collision occurred, the photographs were properly rejected.

■ *Third.* It appears from the record that, some time prior to January 11, 1937, the proper city authorities had designated Ward street, which is two blocks to the north and parallel to east Valley street, as a street set apart for coasting. Barricades and red lights had been provided, to be set up and maintained at intersections along that street. East Valley street had not been designated as a street set apart for coasting. Some of the coasters themselves had, early in the day of January 11th, removed the barricades and lights over to the intersections at east Valley street.

Appellants requested the following instruction:

"You are instructed that during the infrequent periods when snow covers the city streets, the police

department may lawfully set aside and designate certain of the city streets for sledding or coasting, and may lawfully order the department of streets and sewers, under the supervision of the board of public works to place, erect and maintain appropriate traffic signs, signals or barricades upon such street intersections as may be designated and in such a manner as to safeguard the users thereof.

"And if you find that on January 11, 1937, certain streets of the city had been so lawfully set aside and designated for sledding and at the said time or prior thereto appropriate signs, signals or barricades had been installed and were being maintained by proper authority as herein defined, then such persons using said streets so designated and set aside for sledding or coasting would be entitled to the full protection of such signs, signals or barricades; *and all others, if any, using other public streets or intersections thereof for coasting or sledding would do so at their peril.*"

The court gave the instruction as requested, save the italicized clause. In the stead of that clause, the court substituted the following:

". . . and any person having knowledge thereof who operated his automobile *within such area or district* must exercise therein such care to avoid injury to those using the *district or area* for the purpose for which it was set apart as would be exercised by a reasonably prudent person under the circumstances then existing." ( Italics ours.)

It was not error to omit the italicized portion of the requested instruction, because the rule embodied is contrary to the well-nigh universal rule that, in the absence of statute or ordinance forbidding it, one coasting on a street or highway, who is free from contributory negligence, may recover damages for injuries sustained through the negligence of another traveler. *Idell v. Day,* 273 Pa. 34, 116 Atl. 506, 20

A. L. R. 1429 and *Note; Shea v. Pilette,* 108 Vt. 446, 189 Atl. 154, 109 A. L. R. 933 and *Note.*

Although it appears to have been provided by ordinance that certain streets might be designated for coasting, no ordinance has been called to our attention forbidding coasting on streets other than those designated.

■ We think the use of the phrase *"within such area or district"* in the substituted clause of the instruction as given is too broad in the light of the subject matter of the instruction: the designation of particular streets for coasting. The instruction should have referred, rather, to the *street* designated. But we do not think the use of the term "area or district" was prejudicial. For, in the light of his actual knowledge of coasting on east Valley street, Damerow was bound to exercise reasonable care. The instruction, as given, did not impose any higher obligation on him than that.

Judgment affirmed.

JEFFERS, BEALS, STEINERT, and GERAGHTY, JJ., concur.