[No. 29421. Department One. February 19, 1945.]

RAY MATHERS *et al., Appellants,* v. W. T. STEPHENS *et al.,*
*Respondents.*[1]

[1]Reported in 156 P. (2d) 227.

*John C. Richards,* for appellants.

*E. K. Brown* and *I. J. Bounds,* for respondents.

GRADY, J.—The appellants, Ray Mathers and wife, brought this action against the respondents, W. T. Stephens and wife, to recover damages for injuries to person and property arising out of a collision of their respective automobiles. In this opinion the respective husbands will be referred to as though they were the only parties to the action.

The theory of the complaint was that, as the appellant was driving his automobile along the right-hand side of an arterial highway, the respondent, who was driving his automobile along a county road which intersected the arterial highway diagonally, negligently drove it directly in front of appellant's automobile and collided with it. The theory advanced by the respondent was that, after he had stopped at a stop sign near the intersection, he proceeded to cross the arterial highway and had gotten nearly across it when appellant negligently collided with his automobile.

A trial before the court and a jury resulted in a verdict for the appellant. The court granted a motion of the respondent for a judgment notwithstanding the verdict and denied an alternative motion for a new trial. A judgment was entered dismissing the action and this appeal followed.

■ The appellant claims that the court erred in entertaining the motion for a judgment notwithstanding the verdict and for a new trial because they were not timely served and filed.

The verdict was returned on Friday, December 17, 1943, at 8:55 p. m. The alternative motion was filed on December 18, 1943. The trial was held in Ellensburg. Counsel for appellant resided at Everett. Shortly after the return of the verdict, he went to his place of abode. On December 18, 1943, one of counsel for respondent duly mailed to counsel for appellant a copy of the alternative motion. Service of the motion was accepted by counsel for appellant on December 21, 1943.

Rule 28 (5) of this court, 18 Wn. (2d) 26-a, provided:

"Service may be made by mail when the party making the service and the person on whom such service is to be made reside in different places between which there is regular communication by mail; postage must in such cases be prepaid. Time shall begin to run from the date of deposit in the post office."

It thus appears that as the alternative motion was filed and mailed on December 18th, the requirement of Rem. Rev. Stat., §§ 402 and 431 [P. C. §§ 8229, 8081], providing that motions for a new trial and for judgment notwithstanding the verdict must be filed and served within two days after the verdict of the jury, was fully met. The court was right in overruling the objections of the appellant directed to the alternative motion of respondent.

The granting of the motion for a judgment notwithstanding the verdict of the jury was based upon the ground that the appellant was guilty of contributory negligence as a matter of law and such negligence was a proximate cause of the collision, in that he violated Rem. Rev. Stat., Vol. 7A, § 6360-64 [P. C. § 2696-891] (2) (f):

"Subject to the provisions of subsection (1) of this section and except in those instances where a lower maximum lawful speed is provided by this act or otherwise, it shall be unlawful for the operator of any vehicle to operate the same at a speed in excess of the following: . . .

"(f) Thirty-five (35) miles per hour in traveling upon an arterial highway outside of incorporated cities and towns and traversing an intersection with another public highway not an arterial highway and the operator of another vehicle about to enter such arterial highway thereat shall have brought his vehicle to a complete stop, as required by law, before entering such arterial highway."

The factual situation as disclosed by evidence and reasonable inferences therefrom viewed in the most favorable light from the standpoint of the appellant, in so far as we deem it necessary to consider the same in determining whether the trial court reached the correct conclusion, was as follows:

Going from Ellensburg toward Cle Elum and at the place in question, arterial highway No. 97 ran in a northwesterly direction. It was paved with concrete and was twenty feet in width. There was a shoulder about eight feet in width on each side. A few miles out of Ellensburg, highway No. 97 was intersected by a county road of blacktop pavement known as the Woldale road. This road ran approximately due north and south and intersected highway No. 97 diagonally. There were stop signs on the side of the Woldale road, but there were no signs on No. 97 indicating to the traveling public that there was a crossroad ahead.

On July 5, 1941, at about the hour of 7 o'clock in the afternoon, the appellant was driving his automobile northwesterly along highway No. 97 at a speed estimated between 45 and 50 miles per hour. The respondent was driving his automobile along that part of the Woldale road southwesterly of highway No. 97 and in a northerly direction. Melvin Johnson was driving his automobile on that part of the Woldale road northeasterly of highway No. 97 and in a southerly direction. In other words, the Johnson

car was to the right of appellant and respondent's car was to his left.

Johnson drove his car up close to highway No. 97 and came to a stop. He first saw the appellant's car when it was estimated to be 150 feet from the intersection and it was moving at an estimated speed of 45 to 50 miles per hour. Johnson stopped his car a few seconds (estimated) before the Stephens car came up to the intersection. It did not stop, but proceeded across highway No. 97 at an estimated speed of 15 miles per hour.

The appellant first observed the Johnson car standing on the road when he was at an estimated distance of 100 to 150 feet from the intersection. He then, for the first time, observed the respondent's car coming from his left and he was then at an estimated distance of 100 feet from the intersection. Appellant applied the brakes to his car and swerved it to his left. The right front wheel of his car struck the right rear of the respondent's car.

At the time of impact the right front wheel of appellant's car was about three feet over the yellow center line of the highway. The force of the impact caused respondent's car to partly turn and it came to rest at a point west of the Woldale road and northwesterly from the place of impact. In its course it nicked a fender of the Johnson car. The appellant's car crossed diagonally to the southwesterly shoulder of this highway and a short distance beyond took a northerly course and came to rest at a point over the northeasterly embankment of the highway.

 Some of the factual situation we have outlined is in dispute, particularly that with reference to the conduct of respondent in approaching and crossing highway No. 97 and the probable distance appellant's car was from the intersection when he either saw or by the exercise of reasonable care could have seen respondent's car; but it must at all times be borne in mind that we are now considering the action of the trial court in granting a motion for a judgment notwithstanding the verdict of the jury. We have decided many times that, when reviewing the action of a trial court granting a motion for a judgment notwithstand-

ing the verdict of a jury in favor of a plaintiff, we are guided by the rule that such a motion admits the truth of the evidence presented by the plaintiff and the witnesses called by him and all inferences reasonably to be drawn therefrom, and must be interpreted most strongly against the defendant and in a light most favorable to the plaintiff, and that such action can be sustained only when this court can say as a matter of law on the whole record that there is neither evidence nor reasonable inference from the evidence to justify the verdict. *Omeitt v. Department of Labor & Industries,* 21 Wn. (2d) 684, 152 P. (2d) 973; *Billingsley v. Rovig-Temple Co.,* 16 Wn. (2d) 202, 133 P. (2d) 265.

These cases cite a large number of others pronouncing the same rules, and for that reason we do not repeat them in this opinion.

Viewed in the light of these principles, the evidence presented at the trial made the issue of contributory negligence of appellant a question for the jury unless it can be said that the appellant violated § 6360-64 (2) (f) quoted above and that such violation was, as a matter of law, a proximate cause of the collision.

 A critical reading of this statute indicates that the obligation of appellant to have operated his automobile upon the highway at a speed not exceeding 35 miles per hour was only (1) *when he was traversing the intersection,* that is, crossing the intersection, and (2) *when either Johnson or respondent were about to enter the highway thereat and one of them had brought his automobile to a complete stop* before entering the highway. The statute did not require appellant to reduce the speed of his car to 35 miles per hour or less as he *approached* the intersection. He only had to do so in order to enable him to cross the intersection when some user of the intersecting road had brought his vehicle to a complete stop. Johnson had brought his car to a complete stop before entering the highway, but he did so when appellant, then driving at a lawful rate of speed, was within an estimated distance of 150 feet from the intersection.

However, we shall assume that when appellant traversed the intersection he was traveling at a speed in excess of 35 miles per hour and therefore was guilty of negligence. This, however, would not prevent his right of recovery if such negligence was not a proximate cause of the collision, but the negligence of the respondent was the sole proximate cause thereof. *Greater Motors Corp. v. Metropolitan Taxi Co.*, 115 Wash. 451, 197 Pac. 327; *Bredemeyer v. Johnson*, 179 Wash. 225, 36 P. (2d) 1062; *West Coast Transport Co. v. Landin*, 187 Wash. 556, 60 P. (2d) 704; *Fabbio v. Diesel Oil Sales Co.*, 1 Wn. (2d) 234, 95 P. (2d) 788.

We have decided that usually the question of proximate cause is for the jury, and it is only when the facts are undisputed and the inferences therefrom are plain and incapable of reasonable doubt or difference of opinion that it may be a question of law for the court. *Schofield v. Northern Pac. R. Co.*, 4 Wn. (2d) 512, 104 P. (2d) 324; *Ross v. Johnson, ante* p. 275, 155 P. (2d) 486.

We are of the opinion that it cannot be held as a matter of law that the negligence of appellant was a proximate cause of the collision. The speed at which his automobile was traveling when he traversed the intersection was necessarily an estimate and a matter of opinion. This is also true of the distance appellant's automobile was from the intersection when Johnson brought his automobile to a stop. These distances may have been more or less than stated by the witnesses. Even if the speed of appellant's car, when it traversed the intersection, had been 35 miles per hour or somewhat less, the collision might have occurred. There was room for a difference of opinion as to these factors and the inferences to be drawn from them.

There are many cases in which we have held, as a matter of law, that the negligence of one violating a statute or ordinance was a proximate cause of an accident, but in those cases the conduct of the party constituting the violation was so clearly a cause thereof that by no process of reasoning could it be said the accident would not have happened if it were not for such conduct. In this case the

effect of the statutory negligence of appellant is debatable and open to differences of opinion.

██ The factual situation we have outlined warranted the jury finding the respondent was negligent in failing to stop his automobile before entering the intersection and also in crossing the highway where the appellant's automobile was so close to the intersection and its speed was such that he could not do so safely.

The whole situation is well summed up in what we said in *Reed v. Tacoma R. & P. Co.*, 110 Wash. 334, 188 Pac. 409.

"In this case, even assuming prior negligence as charged upon the appellant's daughter, we think it is for the jury to say which of the parties was guilty of that negligence—the last proximate, efficient cause—but for which the accident would not have happened."

The facts of this case afford ample basis for the application of the foregoing rule.

The judgment is reversed, and the case remanded with direction to vacate the judgment of dismissal of the action and to enter a judgment on the verdict of the jury.

BEALS, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.

---

March 29, 1945. Petition for rehearing denied.