[No. 25973-1-III.   Division Three.   May 22, 2008.]

JOHN FABRIQUE ET AL., *Appellants*, v. CHOICE HOTELS INTERNATIONAL, INC., ET AL., *Respondents*.

676

*Scott M. Chapman*, for appellants.

*Daniel E. Stowe* (of *Law Office of Bohrnsen & Stowe, PS*), for respondents.

¶1 KULIK, A.C.J. — In March 2003, John and Lisa Fabrique attended a banquet at a hotel restaurant and then

became ill from salmonella exposure. Ms. Fabrique alleged that she developed Reiter's syndrome, or reactive arthritis, from the salmonella exposure. Ms. Fabrique's primary treating physician, rheumatologist Dr. Gary Craig, diagnosed Ms. Fabrique with psoriatic arthritis but could not opine that the salmonella exposure resulted in that condition. The court granted Choice Hotels International, Inc.'s motion for summary judgment, concluding that Ms. Fabrique lacked sufficient evidence to establish the causation element of her negligence and strict liability claim. On appeal, Ms. Fabrique contends the trial court erred by finding that there was no evidence of a causal relationship between Ms. Fabrique's salmonella exposure and her arthritic condition.

¶2 We agree with the trial court that Ms. Fabrique failed to present medical evidence establishing a causal link between the contaminated food and her injuries. Accordingly, we affirm.

## FACTS

¶3 On March 6, 2003, John and Lisa Fabrique attended a company party hosted at Bogey's Restaurant, located at the Quality Inn in Clarkston, Washington. After eating the food served at the banquet, the Fabriques became ill. The Asotin County Health Department determined that the egg wash used in the fried ice cream served that evening was improperly prepared and that several of the banquet attendees, including the Fabriques, contracted salmonella as a result. Choice Hotels—a franchisor of the Quality Inn and Clarkson Development Group Limited Partnership—owned and operated the hotel and restaurant.

¶4 In April 2003, Ms. Fabrique visited her family physician, complaining of left foot pain and swelling. Ms. Fabrique was ultimately referred to Dr. Gary Craig, a rheumatologist, in December. Dr. Craig has been Ms. Fabrique's primary treating physician with respect to her

arthritic complaints. Dr. Craig diagnosed Ms. Fabrique with psoriatic arthritis, a type of spondyloarthropathy. Spondyloarthropathies are a family of long-term inflammatory diseases of the joints, which include Reiter's syndrome and psoriatic arthritis. Spondyloarthropathies are characterized by pain, swelling, and inflammation of the joints, psoriasis, inflammation of the eye and mouth, skin rashes or sores, bowel inflammation, and urinary tract inflammation.

¶5 On March 7, 2005, the Fabriques brought this action to recover damages related to their salmonella exposure under theories of strict liability, pursuant to the Washington product liability act (WPLA),[1] and negligence. Ms. Fabrique alleged that she was exposed to salmonella as a result of Choice Hotels's negligence and that this exposure caused her to develop Reiter's syndrome. Ms. Fabrique stated that Reiter's syndrome occurs in a small number of people who are infected with the salmonella bacteria, which triggers the arthritic condition.

¶6 In its answer, Choice Hotels admitted that the Asotin County Health Department traced the salmonella outbreak to food served by its restaurant and further admitted that some of the banquet attendees tested positive for the salmonella bacteria. Choice Hotels acknowledged that the WPLA applied, as there was no dispute that the fried ice cream dessert at issue in this case is considered a "product" under the WPLA.[2] Br. of Resp't at 20. However, Choice Hotels denied Ms. Fabrique's allegations of breach, proximate cause, and the nature and extent of her injuries.

¶7 On October 13, 2006, Choice Hotels moved for summary judgment on the ground that there was no genuine issue of material fact related to "(1) the viability of Mr. Fabrique's claims, and (2) proximate cause of certain complaints being alleged by Mrs. Fabrique." Clerk's Papers (CP) at 13. Choice Hotels presented evidence that Mr.

[1] Ch. 7.72 RCW.

[2] RCW 7.72.010(3).

Fabrique's prior settlement with the defendant's insurance carrier in June 2003 barred his claims in the present litigation. Choice Hotels further argued that there was no medical evidence to support proximate causation or the fact that Ms. Fabrique's particular diagnosis was in any way related to the salmonella exposure. The Fabriques did not file a response.

¶8 The trial court granted Choice Hotels's motion, finding that there was "no evidence of a causal relationship between the plaintiff Lisa Fabrique's *Salmonella* exposure and her arthritis diagnosis and/or her arthritic complaints." CP at 66. The trial court also made two rulings at the summary judgment hearing: (1) Ms. Fabrique did not satisfy her burden to come forward with admissible evidence creating a genuine issue of material fact as to causation because Choice Hotels's CR 35 examination report could not be used for that purpose and (2) Mr. Fabrique's claims should be dismissed due to the prior settlement and release.

¶9 On March 13, 2007, the Fabriques appealed the order granting summary judgment. Mr. Fabrique's claim has not been pursued on appeal. The sole issue is whether there was a genuine issue of material fact as to causation or, more specifically, whether Ms. Fabrique's arthritic condition was proximately caused by her exposure to salmonella.

## ANALYSIS

¶10 Summary judgment rulings are reviewed de novo. *Seybold v. Neu*, 105 Wn. App. 666, 675, 19 P.3d 1068 (2001). When reviewing an order granting summary judgment, this court engages in the same inquiry as the trial court, considering all facts and reasonable inferences in the light most favorable to the nonmoving party. *Kahn v. Salerno*, 90 Wn. App. 110, 117, 951 P.2d 321 (1998).

¶11 Summary judgment is proper if the record before the court shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a

matter of law. CR 56(c); *Ruff v. County of King*, 125 Wn.2d 697, 703, 887 P.2d 886 (1995). An appellate court may affirm on any basis supported by the record, and the moving party bears the burden of showing the absence of a material issue of fact. *Redding v. Virginia Mason Med. Ctr.*, 75 Wn. App. 424, 426, 878 P.2d 483 (1994). A "material fact" is one upon which the outcome of the litigation depends. *Barrie v. Hosts of Am., Inc.*, 94 Wn.2d 640, 642, 618 P.2d 96 (1980). Once the moving party has established that there is no dispute as to any issue of material fact, the burden shifts to the nonmoving party to establish the existence of an element material to its case. *Kahn*, 90 Wn. App. at 117.

¶12 Summary judgment was granted in favor of Choice Hotels because there was "no evidence of a causal relationship between the plaintiff Lisa Fabrique's *Salmonella* exposure and her arthritis diagnosis and/or her arthritic complaints." CP at 66. On appeal, Ms. Fabrique contends that Dr. Craig's deposition testimony, in which he opines that her arthritic complaints were either the result of a preexisting condition or salmonella exposure, should not have been used by the trial court as a basis for granting summary judgment. She further argues that Dr. Craig's deposition, as well as her own, created a genuine issue of material fact, making summary judgment inappropriate. Ms. Fabrique's arguments are without merit.

■■ ¶13 Ms. Fabrique brought the present action for damages under the theories of strict liability and negligence. Whether arguing liability in negligence or strict liability, a plaintiff must establish proximate cause. This requirement was succinctly stated in *Baughn v. Honda Motor Co.*, 107 Wn.2d 127, 142, 727 P.2d 655 (1986):

> Proximate cause is an essential element of both theories. Negligence requires duty, breach and resultant injury; and the breach of duty must be shown to be a proximate cause of the injury. To make out a prima facie case in strict liability, a plaintiff must establish (1) that there was a defect in the product which existed when it left the manufacturer's hands; (2) that the defect was not known to the user; (3) that the defect

rendered the product unreasonably dangerous; and (4) that the defect was the proximate cause of the injury.

(Footnote omitted.)

■ ¶14 A "proximate cause" of an injury is defined as a cause that, in a direct sequence, unbroken by any new, independent cause, produces the injury complained of and without which the injury would not have occurred. *Stoneman v. Wick Constr. Co.*, 55 Wn.2d 639, 643, 349 P.2d 215 (1960). This position is consistent with 6 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 15.01 (5th ed. 2005) (WPI), the standard definition of "proximate cause."

■ ¶15 Proximate cause is composed of two distinct elements: (1) cause in fact and (2) legal causation. *Baughn*, 107 Wn.2d at 142. "Cause in fact" refers to the "but for" consequences of an act, or the physical connection between an act and the resulting injury. *Hartley v. State*, 103 Wn.2d 768, 778, 698 P.2d 77 (1985). In contrast, legal causation "rests on policy considerations as to how far the consequences of a defendant's acts should extend [and] involves a determination of whether liability *should* attach as a matter of law given the existence of cause in fact." *Id.* at 779. Importantly, both elements must be satisfied. *Ayers v. Johnson & Johnson Baby Prods. Co.*, 117 Wn.2d 747, 753, 818 P.2d 1337 (1991).

■ ■ ¶16 While the issue of proximate cause is ordinarily a question for the jury, " 'when the facts are undisputed and the inferences therefrom are plain and incapable of reasonable doubt or difference of opinion . . . it may be a question of law for the court.' " *Bordynoski v. Bergner*, 97 Wn.2d 335, 340, 644 P.2d 1173 (1982) (quoting *Mathers v. Stephens*, 22 Wn.2d 364, 370, 156 P.2d 227 (1945)). Accordingly, the issue of proximate cause may be determined on summary judgment where the evidence is undisputed and only one reasonable conclusion is possible. *Hartley*, 103 Wn.2d at 778; *LaPlante v. State*, 85 Wn.2d 154, 159, 531 P.2d 299 (1975).

¶17 In the present case, Ms. Fabrique urges this court to apply the substantial factor test of proximate cause, under which a defendant's conduct is a proximate cause of another's injury if that conduct is a substantial factor in bringing about the harm. WPI 15.02 cmt. at 187-89.

¶18 Significantly, under the substantial factor test, the term "proximate cause" means a cause that was a substantial factor in bringing about the plaintiff's injury, even if the result would have occurred without it. WPI 15.02. This definition is intended to be used only in the narrow class of cases where the "but for" test of causation is inapplicable. WPI 15.02 note on use at 187.

¶19 In *Blasick v. City of Yakima*, the Washington Supreme Court rejected this approach in favor of retaining the "but for" definition contained in WPI 15.01 for general negligence actions. *Blasick v. City of Yakima*, 45 Wn.2d 309, 315, 274 P.2d 122 (1954). The court stated:

> [W]e are not disposed to substitute the "materially contributed" or "substantial factor" test either as a definition of or a substitute for "proximate cause" (as defined in our cases) in determining what is actionable negligence.

*Id.* Subsequently, in *Daugert v. Pappas*, the court indicated that the substantial factor test of proximate cause may be appropriate in three situations:

> First, the test is used where either one of two causes would have produced the identical harm, thus making it impossible for plaintiff to prove the "but for" test. In such cases, it is quite clear that each cause has played so important a part in producing the result that responsibility should be imposed on it. Second, the test is used where a similar, but not identical, result would have followed without the defendant's act. Third, the test is used where one defendant has made a clearly proven but quite insignificant contribution to the result.

*Daugert v. Pappas*, 104 Wn.2d 254, 262, 704 P.2d 600 (1985). The court in *Daugert* further stated that "[s]uch a change in the test for cause in fact is normally justified only when a plaintiff is unable to show that one event alone was the cause of the injury." *Id.*

¶20 Since *Daugert*, Washington courts have applied the substantial factor test in only four types of cases—those involving (1) discrimination or unfair employment practices; (2) securities; (3) toxic tort cases, including multi-supplier asbestos injury cases; and (4) medical malpractice cases where the malpractice reduces a patient's chance of survival. *Sharbono v. Universal Underwriters Ins. Co.*, 139 Wn. App. 383, 420-21, 161 P.3d 406 (2007).

¶21 Ms. Fabrique provides no authority supporting the application of the "substantial factor" definition of proximate cause to a negligence or strict liability action involving a contaminated food product. Accordingly, we decline to extend the substantial factor test to the case presented.

¶22 We next consider whether the trial court properly granted summary judgment on the ground that Ms. Fabrique failed to present evidence of causation.

¶23 A defendant moving for summary judgment has the initial burden of showing either (1) that there is no genuine issue of material fact or, alternatively, (2) that the plaintiff lacks competent evidence to support an essential element of his or her claim. *Seybold*, 105 Wn. App. at 676. Expert medical testimony is necessary to establish causation where the nature of the injury involves "obscure medical factors which are beyond an ordinary lay person's knowledge, necessitating speculation in making a finding." *Riggins v. Bechtel Power Corp.*, 44 Wn. App. 244, 254, 722 P.2d 819 (1986).

¶24 After the defendant meets this initial burden by showing that the plaintiff lacks admissible expert testimony to support his or her case, the burden shifts to the plaintiff to present competent medical expert testimony establishing that the alleged injury was proximately caused by the defendant's actions. *Seybold*, 105 Wn. App. at 676. If the plaintiff fails to come forward with the requisite expert medical testimony, summary judgment is appropriate. *Berger v. Sonneland*, 144 Wn.2d 91, 111-12, 26 P.3d 257 (2001).

¶25 In the present case, Choice Hotels moved for summary judgment, arguing that Ms. Fabrique's complaint should be dismissed on the ground that she lacked any admissible evidence that her arthritic complaints were proximately caused by Choice Hotels's alleged negligence. Choice Hotels's argument focused on the deposition testimony of Dr. Craig. Choice Hotels argued that the testimony revealed that Dr. Craig could not render an opinion regarding the arthritis causation within a reasonable degree of medical certainty and, as a result, Ms. Fabrique lacked sufficient evidence to support an essential element of her claim.

¶26 Ms. Fabrique responded to the motion by offering as evidence the same deposition testimony from Dr. Craig and Choice Hotels's CR 35 medical examination report. She also submitted Choice Hotels's responses to interrogatories and requests for production and her own deposition testimony. Significantly, Ms. Fabrique failed to submit a response setting forth any argument or authority opposing summary judgment. Further, despite being afforded additional time for discovery, Ms. Fabrique also failed to present a medical expert to address the proximate cause issue raised in Choice Hotels's summary judgment materials. The sole issue before this court is whether Dr. Craig's testimony was sufficient to establish a causal link between Ms. Fabrique's salmonella exposure and her arthritic condition.

¶27 Dr. Craig could not provide a medical opinion within a reasonable degree of medical certainty regarding the cause of Ms. Fabrique's arthritic condition. In his deposition, Dr. Craig testified that Ms. Fabrique had a family history of psoriasis and a genetic predisposition to inflammatory joint disease. Dr. Craig also reported that Ms. Fabrique had a personal history of psoriasis, predating the salmonella exposure, which the doctor noted "was quite compatible with psoriatic arthritis." CP at 114.

¶28 Most significantly, when Dr. Craig was directly asked for his medical opinion as to whether Ms. Fabrique's

arthritic condition was related to her exposure to salmonella, Dr. Craig responded:

A. Unfortunately, as I think you've already sensed, it's very difficult, if not impossible, to untie [the question of causation]. *You're looking at a patient who is almost certainly . . . genetically prone to a type of arthritis and has two individual triggers, either of which could have triggered this . . . .* [A]s a physician, if you ask me to say which it was, *I cannot tell you which it was.*

Q. You can't tell me which it was to cause the psoriatic arthritis in this patient?

A. I can't tell you whether she had psoriasis and no arthritis and her arthritis was triggered by salmonella—

. . . .

A. —or if this was psoriatic arthritis and the salmonella had nothing to do with that. *I cannot, based on any scientific information that I have available, tell you that.*

. . . .

A. . . . [A] rheumatologist in this situation will say, "This patient has a spondyloarthropathy; *hard to know what started it." She had potentially two triggers* and is treated the same irrespective of what the triggers are.

CP at 41-42 (emphasis added).

¶29 The above testimony establishes that Ms. Fabrique's medical expert could not provide an opinion as to the proximate cause of her arthritic condition. Medical testimony as to a causal relationship between the negligent act and the subsequent injuries or condition complained of must demonstrate " 'that the injury "probably" or "more likely than not" caused the subsequent condition, rather than that the accident or injury "might have," "could have," or "possibly did" cause the subsequent condition.' " *Ugolini v. States Marine Lines,* 71 Wn.2d 404, 407, 429 P.2d 213 (1967) (quoting *Orcutt v. Spokane County,* 58 Wn.2d 846, 853, 364 P.2d 1102 (1961)). Importantly, medical testimony must be based on the facts of the case and not on speculation or conjecture. *Seybold,* 105 Wn. App. at 677. Finally,

such testimony must also be based upon a reasonable degree of medical certainty. *McLaughlin v. Cooke*, 112 Wn.2d 829, 836, 774 P.2d 1171 (1989).

¶30 In sum, Dr. Craig's testimony was insufficient to establish that the salmonella exposure was a cause in fact of Ms. Fabrique's psoriatic arthritis, without which that condition would not have occurred. Consequently, Ms. Fabrique failed to meet her burden on summary judgment to come forward with expert medical testimony establishing a causal link between the salmonella-contaminated food and her injuries.

¶31 Summary judgment in favor of a defendant is appropriate if the plaintiff fails to establish a prima facie case concerning an essential element of his or her claim. *Seybold*, 105 Wn. App. at 676. In light of Ms. Fabrique's failure to establish proximate causation, summary judgment was properly granted.

¶32 We affirm.

BROWN, J., and THOMPSON, J. PRO TEM., concur.