Robert PICKARD; Jane Doe Pickard, husband and wife, and the marital community composed thereof, Plaintiffs–Appellants,

v.

SEARS ROEBUCK & COMPANY, a New York corporation, doing business in the State of Washington; Ryobi Technologies Toty, d/b/a Chang Type Industrial Co., Ltd., Defendants–Appellees.

No. 07–35298.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 25, 2008.*

Filed Aug. 27, 2008.

James J. Dore, Jr., Dore & Dore, P.S., Kent, WA, for Plaintiffs–Appellants.

James J. Dore, Jr., Patrick G. Middleton, Esq., Forsberg & Umlauf, PS, Seattle, WA, for Defendants–Appellees.

Before: T.G. NELSON, HAWKINS, and BYBEE, Circuit Judges.

### MEMORANDUM **

Robert Pickard, and his wife "Jane Doe" Pickard, appeal the district court's grant of summary judgment in their diversity action against Sears Roebuck Company and others. After Pickard severed his finger while using a miter saw, Pickard brought a claim under the Washington Product Liability Act, Wash. Rev.Code § 7.72.010, *et. seq.* based on alleged design and construction defects in the miter saw. Pickard also alleges that the district court erred when it awarded Sears attorney fees as a sanction against the Pickards' counsel.

The district court did not err when it granted summary judgment in favor of Sears on the product liability claim. Pickard failed to show that the alleged defects in the product proximately caused Pickard's injury. *See Fabrique v. Choice Hotels Int'l, Inc.,* 144 Wash.App. 675, 183 P.3d 1118, 1121 (2008).

Nor did the district court abuse its discretion when it sanctioned the Pickards' counsel based on his actions in response to Sears' attempt to depose "Jane Doe" Pickard. *See* Fed.R.Civ.P. 37.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.