**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HECTOR L. RESSY, | No. 12-35584 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00760-MJP |
| v. | |
| KING COUNTY; D. BENEVENTE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Hector L. Ressy appeals from the district court's summary judgment in his

42 U.S.C. § 1983 action alleging that he was treated roughly and handcuffed too

tightly during his pre-hearing detention for a probation violation.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001), and we affirm.

The district court properly granted summary judgment on Ressy's excessive force claim because Ressy failed to raise a genuine dispute of material fact as to whether Benevente's use of force was unreasonable. *See Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002) ("[T]he Fourth Amendment sets the 'applicable constitutional limitations' for considering claims of excessive force during pretrial detention." (citation omitted)); *LaLonde v. County of Riverside*, 204 F.3d 947, 961 (9th Cir. 2000) (the extent of the injury inflicted on the plaintiff is relevant to the reasonableness inquiry).

The district court properly granted summary judgment on Ressy's cruel and unusual punishment claim because Ressy failed to raise a triable dispute as to whether Benevente maliciously and sadistically used force to cause him harm. *See Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010) (per curiam) (extent of injury is relevant to Eighth Amendment inquiry); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we apply the same standards in both cases[.]" (internal citation omitted)).

The district court properly granted summary judgment on Ressy's negligence claim because Ressy failed to raise a triable dispute as to causation. *See Folsom v. Burger King*, 958 P.2d 301, 308 (Wash. 1998) ("In order to establish actionable negligence, a plaintiff must establish: (1) the existence of a duty owed to the complaining party; (2) a breach of the duty; (3) resulting injury; and (4) that the breach was the proximate cause of the injury."); *Fabrique v. Choice Hotels Int'l, Inc.*, 183 P.3d 1118, 1122 (Wash. Ct. App. 2008) (expert medical testimony is necessary to establish causation where the nature of the injury involves medical factors beyond a lay person's ordinary understanding).

**AFFIRMED.**